IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

**KIERSTEN BECK, CHRISTINE LYNN BARRETT-BUKOWSKI,**        **PLAINTIFFS**
**BRIDGETTE BOYD, TIFFANY BRAGG, TRICIA BROOKS,**
**WILLIE JEAN CASHAW, MARTHA CLEARY, AMY CRAIG,**
**MONTANA CRISS, KAMELA CRUTCHFIELD, JOSHUA CUMMINGS,**
**MELISSA CUMMINGS, MICHELLE DAILEY, CRYSTAL DARBY,**
**RACHEAL DUNN, MELISSA DUTTON, SEENA EASTER,**
**STEPHANIE EDWARDS, PATTI EVANS, ROBIN FLOWER,**
**MARTHA GREENFELD, ANNA GRUBB WAACK, TARA HALL,**
**SAUNDRA HEGLER, KELLEY HERCHENHAHN, RACHEL HICKS,**
**MARLA HIX, JORI HUTCHINSON, LORA HYDE, KAYLA JAMES,**
**JOHN JONES, MELISSA JOSEPH, ANITA JUBIC, AMY KAY KNOPE,**
**SARA KERN, JEN LACROIX, TONYA LINDSEY, CHEYENNE**
**LUNCEFORD, CHRISTY MANNING, LARA MAST, MARISSA**
**MICHAELSEN, TIMOTHY MICHELS, ANNA MITCHELL YANCY,**
**SUSAN NOTTINGHAM, GWENDOLYN NYAMOTI, AIESHA OFFORD,**
**LLOYD PAYTON, MALISSA PIRTLE, DONALD REIFENSTAHL,**
**ANGIE REVELS, SHERRY ROBERTS, JENNIFER RODGERS,**
**MICHAEL SAVAGE, MANDY SCOGLIETTI, THERESA STATEN,**
**NANCY STEVENS, ELLA STRICKLAND, SHYANNA SWANSON,**
**DANA TAYLOR, EDNA TAYLOR, LINDA TAYLOR, KRISTINA**
**THOMPSON, ROBIN UHRIG, MELLETA UPSON PLOTTS, KILEE**
**VAUGHN, BINA VAUGHT, JENNIFER VOLKENANT, KATHERINE WEBB,**
**JERMAINE WEBSTER, KAYLA NICOLE WILLIAMS, MELISSA WILLIAMS,**
**DANA WORK, TARA WORKMAN, KIMBERLY APPLEGARTH,**
**ERIN AYCOCK, TAMMY BARRETTE, VICKI BAUGHMAN, ADDIE BINGHAM,**
**RAC-CALE BLAIR, AMANDA MECHELE BREWER, BETTIE BRYANT,**
**LEONTE CARTWRIGHT, WILLIAM CASTLE, GINA CHRISTINE CHERRY,**
**NITA CLARK, MELISSA CONTERNO, LORI COWHER, LUCILLE COX,**
**LARRY DAVIS, SHELLIE DAWN, TONI DELUNA, CHRISTINA DOWDEN,**
**BRITTANY DUMMITT, KIMBERLY DAWN ELMORE, AMBER FOWLER,**
**CARISSA FUSELIER, RUBY GARZA, KATHALEEN APRIL GILLILAND,**
**CHRISTINE GUNNIN, JOEL HERNANDEZ, ERIN HRUSCHAK,**
**SARAH HUSKINS, MARIE HYATT, KATHLEEN JERNIGAN, EVELYN**
**JOHNSON, CINDY KERN, STEPHANIE KIMBRO, CHRISTI LEA,**
**JUDITH LOCKHART, CHERI LUEKE, CHRISTINE LYNN, JOY McGUIRE,**
**FANTASIA MCNEAL-CARTWRIGHT, CRISTHIAN MENDIETA,**
**LINDA MOORE, LISA MORGAN, SHAUNA MURRAY, MARY ORR,**
**DEBORAH PASCHALL, JOHNATHAN LEE PRICE, ANNE RAMSEY,**
**KRISTY RAY, KARRI RICHARD, TERRY RISLEY, ROBERTO RIVERA,**
**ASHLEY TATROW SAYLORS, TERRENCE SCOTT, DANYAI SERRANO,**

**KELLYE MARIE SIMPSON, LEXI SIMPSON, KATHY SONNIER, DEBORAH STRNAD, TERRILL SUTTON, BARB TERREL, SHERRY WHEELER, CHRISTINA WHITCOMB, RAE WICKERSHAM, AMANDA WINNINGHAM, KRISTIE YOUNG, SAMANTHA J. GOODRICH, DWAN N. GOODRICH, BRIANA I. RENAUD, JOHN T. MORRISON, MICHELLE J. MORRISON, JAMES CREECH, JAN E. BALLARD, BECKY MCCLANAHAN, ESPERANZA ZUNIGA, and ABBIE INGRAM,**
**Each Individually and on Behalf of All Others Similarly Situated**

vs.                          No. 3:23-cv-3282-CRL-KLM

**DRIVELINE RETAIL MERCHANDISING, INC.**                     **DEFENDANT**

## FIRST AMENDED AND SUBSTITUTED COMPLAINT—COLLECTIVE ACTION

Plaintiffs Kiersten Beck, Christine Lynn Barrett-Bukowski, Bridgette Boyd, Tiffany Bragg, Tricia Brooks, Willie Jean Cashaw, Martha Cleary, Amy Craig, Montana Criss, Kamela Crutchfield, Joshua Cummings, Melissa Cummings, Michelle Dailey, Crystal Darby, Racheal Dunn, Melissa Dutton, Seena Easter, Stephanie Edwards, Patti Evans, Robin Flower, Martha Greenfeld, Anna Grubb Waack, Tara Hall, Saundra Hegler, Kelley Herchenhahn, Rachel Hicks, Marla Hix, Jori Hutchinson, Lora Hyde, Kayla James, John Jones, Melissa Joseph, Anita Jubic, Amy Kay Knope, Sara Kern, Jen LaCroix, Tonya Lindsey, Cheyenne Lunceford, Christy Manning, Lara Mast, Marissa Michaelsen, Timothy Michels, Anna Mitchell Yancy, Susan Nottingham, Gwendolyn Nyamoti, Aiesha Offord, Lloyd Payton, Malissa Pirtle, Donald Reifenstahl, Angie Revels, Sherry Roberts, Jennifer Rodgers, Michael Savage, Mandy Scoglietti, Theresa Staten, Nancy Stevens, Ella Strickland, Shyanna Swanson, Dana Taylor, Edna Taylor, Linda Taylor, Kristina Thompson, Robin Uhrig, Melleta Upson Plotts, Kilee Vaughn, Bina Vaught, Jennifer Volkenant, Katherine Webb, Jermaine Webster, Kayla Nicole Williams, Melissa Williams, Dana Work, Tara Workman, Kimberly Applegarth, Erin Aycock, Tammy

Barrette, Vicki Baughman, Addie Bingham, Rac-Cale Blair, Amanda Mechelle Brewer, Bettie Bryant, Leonte Cartwright, William Castle, Gina Christine Cherry, Nita Clark, Melissa Conterno, Lori Cowher, Lucille Cox, Larry Davis, Shellie Dawn, Toni DeLuna, Christina Dowden, Brittany Dummitt, Kimberly Dawn Elmore, Amber Fowler, Carissa Fuselier, Ruby Garza, Kathaleen April Gilliland, Christine Gunnin, Joel Hernandez, Erin Hruschak, Sarah Huskins, Marie Hyatt, Kathleen Jernigan, Evelyn Johnson, Cindy Kern, Stephanie Kimbro, Christi Lea, Judith Lockhart, Cheri Lueke, Christine Lynn, Joy McGuire, Fantasia McNeal-Cartwright, Cristhian Mendieta, Linda Moore, Lisa Morgan, Shauna Murray, Mary Orr, Deborah Paschall, Johnathan Lee Price, Anne Ramsey, Kristy Ray, Karri Richard, Terry Risley, Roberto Rivera, Ashley Tatrow Saylors, Terrence Scott, Danyai Serrano, Kellye Marie Simpson, Lexi Simpson, Kathy Sonnier, Deborah Strnad, Terrill Sutton, Barb Terrel, Sherry Wheeler, Christina Whitcomb, Rae Wickersham, Amanda Winningham, Kristie Young, Samantha J. Goodrich, Dwan N. Goodrich, Briana I. Renaud, John T. Morrison, Michelle J. Morrison, James Creech, Jan E. Ballard, Becky McClanahan, Esperanza Zuniga, and Abbie Ingram (collectively, "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through undersigned counsel, for their First Amended and Substituted Complaint— Collective Action ("Complaint") against Defendant Driveline Retail Merchandising, Inc. ("Defendant"), state and allege as follows:

## I.   PRELIMINARY STATEMENTS

1.     This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

(the "FLSA"), the minimum wage and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the payment provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA").

2.     Plaintiffs seek declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs; and a reasonable attorney's fee, as a result of Defendant's policy and practice of failing to pay Plaintiffs proper overtime compensation under the FLSA and under the IMWL within the applicable statutory limitations period.

3.     Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the IMWL as described, *infra*.

4.     The purpose of this First Amended and Substituted Complaint—Collective Action is to remove Plaintiffs Jackie Haywood, Alicia Howard, and Kalaya Tillman and to add Plaintiffs Kimberly Applegarth, Erin Aycock, Tammy Barrette, Vicki Baughman, Addie Bingham, Rac-Cale Blair, Amanda Mechelle Brewer, Bettie Bryant, Leonte Cartwright, William Castle, Gina Christine Cherry, Nita Clark, Melissa Conterno, Lori Cowher, Lucille Cox, Larry Davis, Shellie Dawn, Toni DeLuna, Christina Dowden, Brittany Dummitt, Kimberly Dawn Elmore, Amber Fowler, Carissa Fuselier, Ruby Garza, Kathaleen April Gilliland, Christine Gunnin, Joel Hernandez, Erin Hruschak, Sarah Huskins, Marie Hyatt, Kathleen Jernigan, Evelyn Johnson, Cindy Kern, Stephanie Kimbro, Christi Lea, Judith Lockhart, Cheri Lueke, Christine Lynn, Joy McGuire, Fantasia McNeal-Cartwright, Cristhian Mendieta, Linda Moore, Lisa Morgan, Shauna Murray, Mary Orr, Deborah Paschall, Johnathan Lee Price, Anne Ramsey, Kristy Ray, Karri Richard, Terry Risley, Roberto Rivera, Ashley Tatrow Saylors, Terrence Scott,

Danyai Serrano, Kellye Marie Simpson, Lexi Simpson, Kathy Sonnier, Deborah Strnad, Terrill Sutton, Barb Terrel, Sherry Wheeler, Christina Whitcomb, Rae Wickersham, Amanda Winningham, Kristie Young, Samantha J. Goodrich, Dwan N. Goodrich, Briana I. Renaud, John T. Morrison, Michelle J. Morrison, James Creech, Jan E. Ballard, Becky McClanahan, Esperanza Zuniga, and Abbie Ingram.

## II.  JURISDICTION AND VENUE

5. The United States District Court for the Central District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. This Complaint also alleges IMWL and IWPCA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. Defendant is headquartered in Taylorville, Illinois, and Defendant's officers direct, control, and coordinate Defendant's activities from its facilities in Taylorville; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District, and a substantial part of the events alleged herein occurred in this District.

9. Upon information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

10. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendant, and Defendant therefore "resides" in Illinois.

### III.     THE PARTIES

11.     Plaintiff Kiersten Beck is an individual and resident of Rowan County, North Carolina.

12.     Plaintiff Christine Lynn Barrett-Bukowski is an individual and resident of Dickinson County, Kansas.

13.     Plaintiff Bridgette Boyd is an individual and resident of Midland County, Texas.

14.     Plaintiff Tiffany Bragg is an individual and resident of Nicholas County, West Virginia.

15.     Plaintiff Tricia Brooks is an individual and resident of Scotts Bluff County, Nebraska.

16.     Plaintiff Willie Jean Cashaw is an individual and resident of Tallahatchie County, Mississippi.

17.     Plaintiff Martha Cleary is an individual and resident of Le Flore County, Oklahoma.

18.     Plaintiff Amy Craig is an individual and resident of DeKalb County, Tennessee.

19.     Plaintiff Montana Criss is an individual and resident of Kanawha County, West Virginia.

20.     Plaintiff Kamela Crutchfield is an individual and resident of San Bernardino County, California.

21.     Plaintiff Joshua Cummings is an individual and resident of Escambia County, Florida.

22.     Plaintiff Melissa Cummings is an individual and resident of Jasper County, Indiana.

23.     Plaintiff Michelle Dailey is an individual and resident of North Carolina.

24.     Plaintiff Crystal Darby is an individual and resident of Oakdale, Louisiana.

25.     Plaintiff Racheal Dunn is an individual and resident of Mobile County, Alabama.

26.     Plaintiff Melissa Dutton is an individual and resident of Jackson County, Indiana.

27.     Plaintiff Seena Easter is an individual and resident of Crawford County, Kansas.

28.     Plaintiff Stephanie Edwards is an individual and resident of Duplin County, North Carolina.

29.     Plaintiff Patti Evans is an individual and resident of LaSalle Parish, Louisiana.

30.     Plaintiff Robin Flower is an individual and resident of Cortland County, New York.

31.     Plaintiff Martha Greenfeld is an individual and resident of Cameron County, Texas.

32.     Plaintiff Anna Grubb Waack is an individual and resident of South Dakota.

33.     Plaintiff Tara Hall is an individual and resident of Vanderburgh County, Indiana.

34.     Plaintiff Saundra Hegler is an individual and resident of South Carolina.

35.     Plaintiff Kelley Herchenhahn is an individual and resident of Obion County, Tennessee.

36.     Plaintiff Rachel Hicks is an individual and resident of Clinton County, Iowa.

37.     Plaintiff Marla Hix is an individual and resident of Cherokee County, Oklahoma.

38.     Plaintiff Jori Hutchinson is an individual and resident of Livingston County, Illinois.

39.     Plaintiff Lora Hyde is an individual and resident of Appanoose County, Iowa.

40.     Plaintiff Kayla James is an individual and resident of Pittsburg County, Oklahoma.

41.     Plaintiff John Jones is an individual and resident of Charles County, Maryland.

42.     Plaintiff Melissa Joseph is an individual and resident of Mower County, Minnesota.

43.     Plaintiff Anita Jubic is an individual and resident of Fayette County, Pennsylvania.

44.     Plaintiff Amy Kay Knope is an individual and resident of Perry County, Illinois.

45.     Plaintiff Sara Kern is an individual and resident of Snohomish County, Washington.

46.     Plaintiff Jen LaCroix is an individual and resident of Oxford County, Maine.

47.     Plaintiff Tonya Lindsey is an individual and resident of Red River Parish, Louisiana.

48.     Plaintiff Cheyanne Lunceford is an individual and resident of Moore County, North Carolina.

49.     Plaintiff Christy Manning is an individual and resident of Lincoln County, North Carolina.

50.     Plaintiff Lara Mast is an individual and resident of Kern County, California.

51.     Plaintiff Marissa Michaelsen in an individual and resident of Red Willow County, Nebraska.

52.     Plaintiff Timothy Michels is an individual and resident of Suwannee County, Florida.

53.     Plaintiff Anna Mitchel Yancy is an individual and resident of Ector County, Texas.

54.     Plaintiff Susan Nottingham is an individual and resident of Oklahoma.

55.     Plaintiff Gwendolyn Nyamoti is an individual and resident of Kay County, Oklahoma.

56.     Plaintiff Aiesha Offord is an individual and resident of Baton Rouge Parish, Louisiana.

57.     Plaintiff Lloyd Payton is an individual and resident of Tennessee.

58.     Plaintiff Malissa Pirtle is an individual and resident of Craighead County, Arkansas.

59.     Plaintiff Donald Reifenstahl is an individual and resident of Grays Harbor County, Washington.

60.     Plaintiff Angie Revels is an individual and resident of Houston County, Alabama.

61.     Plaintiff Sherry Roberts is an individual and resident of Alabama.

62.     Plaintiff Jennifer Rodgers is an individual and resident of Kern County, California.

63.     Plaintiff Michael Savage is an individual and resident of Aiken County, South Carolina.

64.     Plaintiff Mandy Scoglietti is an individual and resident of Vanderburgh County, Indiana.

65.     Plaintiff Theresa Staten is an individual and resident of Ohio.

66.     Plaintiff Nancy Stevens is an individual and resident of Vigo County, Indiana.

67.     Plaintiff Ella Strickland is an individual and resident of Hamilton County, Florida.

68.     Plaintiff Shyanna Swanson is an individual and resident of Greene County, Arkansas.

69.     Plaintiff Dana Taylor is an individual and resident of Victoria County, Texas.

70.     Plaintiff Edna Taylor is an individual and resident of Robeson County, North Carolina.

71.     Plaintiff Linda Taylor is an individual and resident of Pocahontas County, West Virginia.

72.     Plaintiff Kristina Thompson is an individual and resident of Glynn County, Georgia.

73.     Plaintiff Robin Uhrig is an individual and resident of Genesee County, Michigan.

74.     Plaintiff Melleta Upson Plotts is an individual and resident of Newaygo County, Michigan.

75.     Plaintiff Kilee Vaughn is an individual and resident of Plaquemines Parish, Louisiana.

76.     Plaintiff Bina Vaught is an individual and resident of Randolph, North Carolina.

77.     Plaintiff Jennifer Volkenant is an individual and resident of Big Stone County, Minnesota.

78.     Plaintiff Katherine Webb is an individual and resident of Shelby County, Tennessee.

79.     Plaintiff Jermaine Webster is an individual and resident of San Bernadino County, California.

80.     Plaintiff Kayla Nicole Williams is an individual and resident of Pickens County, South Carolina.

81.     Plaintiff Melissa Williams is an individual and resident of Florence County, South Carolina.

82.     Plaintiff Dana Work is an individual and resident of Henderson County, Texas.

83.     Plaintiff Tara Workman is an individual and resident of Logan County, West Virginia.

84.     Plaintiff Kimberly Applegarth is an individual and resident of Craighead County, Arkansas.

85.     Plaintiff Erin Aycock is an individual and resident of Louisiana.

86.     Plaintiff Tammy Barrette is an individual and resident of Butte County, California.

87.     Plaintiff Vicki Baughman is an individual and resident of Oklahoma.

88.     Plaintiff Addie Bingham is an individual and resident of Mississippi.

89.     Plaintiff Rac-Cale Blair is an individual and resident of Arizona.

90.     Plaintiff Amanda Mechelle Brewer is an individual and resident of Oklahoma.

91.     Plaintiff Bettie Bryant is an individual and resident of Caryville, Florida.

92.     Plaintiff Leonte Cartwright is an individual and resident of Lawrenceburg, Tennessee.

93.     Plaintiff William Castle is an individual and resident of Prattville, Alabama.

94.     Plaintiff Gina Christine Cherry is an individual and resident of Bossier City, Louisiana.

95.     Plaintiff Nita Clark is an individual and resident of Social Circle, Georgia.

96.     Plaintiff Melissa Conterno is an individual and resident of Theodore, Alabama.

97.     Plaintiff Lori Cowher is an individual and resident of Bellafonte, Pennsylvania.

98.   Plaintiff Lucille A. Cox is an individual and resident of Angleton ,Texas.

99.   Plaintiff Larry Davis is an individual and resident of Bentonville, Arkansas.

100.   Plaintiff Shellie Dawn is an individual and resident of Commanche, Texas.

101.   Plaintiff Toni Deluna is an individual and resident of Gibsonton, Florida.

102.   Plaintiff Christina Dowden is an individual and resident of Kokomo, Indiana.

103.   Plaintiff Brittany Dummitt is an individual and resident of Minford, Ohio.

104.   Plaintiff Kimberly Dawn Elmore is an individual and resident of Albany, Kentucky.

105.   Plaintiff Amber Fowler is an individual and resident of Fresno, California.

106.   Plaintiff Carissa Fuselier is an individual and resident of Crowley, Louisiana.

107.   Plaintiff Ruby Garza is an individual and resident of Lytle, Texas.

108.   Plaintiff Kathaleen April Gilliland is an individual and resident of Sumter South Carolina.

109.   Plaintiff Christine Gunnin is an individual and resident of Madison Alabama.

110.   Plaintiff Joel Hernandez is an individual and resident of Las Vegas, Nevada.

111.   Plaintiff Erin Hruschak is an individual and resident of Follansbee, West Virginia.

112.   Plaintiff Sarah M. Huskins is an individual and resident of West Jefferson, North Carolina.

113.   Plaintiff Marie Hyatt is an individual and resident of Charleroi, Pennsylvania.

114.   Plaintiff Kathleen Jernigan is an individual and resident of Holbrook, Arizona.

115.   Plaintiff Evelyn Johnson is an individual and resident of Burlington, Kentucky.

116.   Plaintiff Cindy Kern is an individual and resident of Strum, Wisconsin.

117.   Plaintiff Stephanie Kimbro is an individual and resident of Murray, Kentucky.

118.   Plaintiff Christi Lea is an individual and resident of Jackson, Mississippi.

119.   Plaintiff Judith Lockhart is an individual and resident of Arlington, Texas.

120.   Plaintiff Cheri Lueke is an individual and resident of Woodbury, Minnesota.

121.   Plaintiff Christine Lynn is an individual and resident of Herrington, Kansas.

122.   Plaintiff Joy Mcguire is an individual and resident of Westminster, South Carolina.

123.   Plaintiff Fantasia McNeal-Cartwright is an individual and resident of Lawrenceburg, Tennessee.

124.   Plaintiff Cristhian Mendieta is an individual and resident of Sullivan, Missouri.

125.   Plaintiff Linda Moore is an individual and resident of Inglewood, California.

126.   Plaintiff Lisa Morgan is an individual and resident of Marion, Iowa.

127.   Plaintiff Shauna Murray is an individual and resident of Augusta, Georgia.

128.   Plaintiff Mary Orr is an individual and resident of Ohatchee, Alabama.

129.   Plaintiff Deborah Paschall is an individual and resident of Kirksey, Kentucky.

130.   Plaintiff Johnathan Lee Price is an individual and resident of Follansbee, West Virginia.

131.   Plaintiff Anne Ramsey is an individual and resident of North Brookfield, Massachusetts.

132.   Plaintiff Kristy Ray is an individual and resident of Wynne, Arkansas.

133.   Plaintiff Karri Richard is an individual and resident of Marion, Indiana.

134.   Plaintiff Terry Risley is an individual and resident of Harrison, Arkansas.

135.   Plaintiff Roberto Rivera is an individual and resident of Terre Haute, Indiana.

136.   Plaintiff Ashley Tatrow Saylors is an individual and resident of Rickman, Tennessee.

137.   Plaintiff Terrence Scott is an individual and resident of Sacramento, California.

138.   Plaintiff Danyai Serrano is an individual and resident of Blythe, California.

139.   Plaintiff Kellye Marie Simpson is an individual and resident of McComb, Mississippi.

140.   Plaintiff Lexi Simpson is an individual and resident of McComb, Mississippi.

141.   Plaintiff Kathy Sonnier is an individual and resident of Doyline, Louisiana.

142.   Plaintiff Deborah Strnad is an individual and resident of Harrison, Arkansas.

143.    Plaintiff Terrill Sutton is an individual and resident of Oxford, New York.

144.    Plaintiff Barb Terrel is an individual and resident of Hovart, Indiana.

145.    Plaintiff Sherry Wheeler is an individual and resident of Morton, Mississippi.

146.    Plaintiff Christina Whitcomb is an individual and resident of Jefferson, Ohio.

147.    Plaintiff Rae Wickersham is an individual and resident of Lewiston, Idaho.

148.    Plaintiff Amanda Winningham is an individual and resident of Rickman, Tennessee.

149.    Plaintiff Kristie Young is an individual and resident of Malvern, Arkansas.

150.    Plaintiff Samantha J. Goodrich is an individual and resident of Pueblo, Colorado.

151.    Plaintiff Dwan N. Goodrich is an individual and resident of Pueblo, Colorado.

152.    Plaintiff Briana I. Renaud is an individual and resident of Woonsocket, Rhode Island.

153.    Plaintiff John T. Morrison is an individual and resident of Woonsocket, Rhode Island.

154.    Plaintiff Michelle J. Morrison is an individual and resident of Woonsocket, Rhode Island.

155.    Plaintiff James Creech is an individual and resident of Speedwell, Tennessee.

156.    Plaintiff Jan E. Ballard is an individual and resident of Fort Madison, Iowa.

157.    Plaintiff Becky McClanahan is an individual and resident of Richmond Hill, Georgia.

158.    Plaintiff Esperanza Zuniga is an individual and a resident of  La Vernia, Texas.

159.    Plaintiff Abbie Ingram is an individual and resident of Grenada, Mississippi.

160.    Defendant is foreign, for-profit corporation.

161.    Defendant's registered agent for service of process is Registered Agent Solutions, Inc., at 3000 Professional Drive, Suite A, Springfield, Illinois 62703.

## IV.    FACTUAL ALLEGATIONS

162.    Defendant owns and operates a retail merchandising agency that conducts business throughout the United States.

163.    Defendant is an "employer" within the meanings set forth in the FLSA and the IMWL, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

164.    During the relevant time, Defendant had at least two employees who engaged in interstate commerce or business transactions, or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as vehicles and fuel.

165.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately

stated) during each of the three calendar years preceding the filing of this Original Complaint.

166.   At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA and the IMWL.

167.   At all times material herein, Plaintiffs have been classified by Defendant as nonexempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and have been paid an hourly rate.

168.   Defendant employed Plaintiffs as merchandisers, master merchandisers, filed associates and filed merchandisers ("Merchandisers").

169.   Defendant employed each Plaintiff within the three years preceding the filing of this Complaint.

170.   Defendant also employed other Merchandisers within the three years preceding the filing of this Complaint (hereinafter, "Hourly Merchandisers").

171.   Plaintiffs' and other Hourly Merchandisers' work entailed traveling to various retail stores using Defendant's services and setting up product displays within the stores.

172.   At all relevant times herein, Defendant directly hired Plaintiffs and other Hourly Merchandisers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

173.   Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices and procedures to all Merchandisers at all of their locations, including policies, practices and procedures

related to payment of minimum wages and overtime compensation and reimbursement of automobile expenses.

174.   Plaintiffs recorded their hours using a mobile phone application, which only allowed them to log their time spent completing tasks at stores for Defendant.

175.   Plaintiffs were not able to log time spent performing prep work before each shift or all time spent driving to and from store locations throughout their shift.

176.   Upon information and belief, Defendant's electronic timekeeping system operated similarly for other Hourly Merchandisers.

177.   Plaintiffs were required to complete prep work for their assigned tasks from home, such as printing materials, but Defendant regularly failed to pay them for this time.

178.   Upon information and belief, Defendant also failed to pay other Hourly Merchandisers for prep work they were required to complete from home.

179.   The time Plaintiffs and other Hourly Merchandisers spent performing prep work from home therefore went unrecorded and uncompensated.

180.   Plaintiffs were required to complete prep work for their assigned tasks prior to driving to their first store of the day, but Defendant failed to pay these plaintiffs for all hours spent driving to their first store.

181.   Upon information and belief, Defendant also failed to pay other Hourly Merchandisers for all hours spent driving to their first store of the day after performing prep work.

182.   The time Plaintiffs and other Hourly Merchandisers spent driving to their first store of the day after performing prep work therefore went unrecorded and uncompensated.

183.   Plaintiffs were regularly required to drive between stores to complete tasks for Defendant; however, Defendant regularly failed to pay these plaintiffs for all time spent driving between store locations.

184.   Upon information and belief, Defendant also failed to pay other Hourly Merchandisers for all time spent driving between store locations.

185.   Defendant failed to pay Plaintiffs for "non-bills," which included time spent to complete a task beyond what Defendant allotted for the task and time spent on tasks that were not originally listed or assigned to these plaintiffs through Defendant's portal.

186.   Upon information and belief, Defendant also failed to pay other Hourly Merchandisers for "non-bills."

187.   When training new employees, Plaintiffs were required to split the paid time allotted to the tasks they performed with the trainee, even if these plaintiffs spent the entire allotted time to complete the task.

188.   Upon information and belief, other Hourly Merchandisers were also required to split the paid time allotted to tasks with trainees when they trained new employees.

189.   Defendant knew or should have known that Plaintiffs and other Hourly Merchandisers were working hours which went unrecorded and uncompensated.

190.   Plaintiffs and other Hourly Merchandisers were required to drive their personal vehicles for their employment.

191.   Defendant requires Hourly Merchandisers to maintain and pay for operable, safe and legally compliant automobiles to use in traveling between completing their work at the various retail stores.

192.   Defendant requires Hourly Merchandisers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing, and other equipment necessary for Merchandisers to complete their job duties.

193.   Pursuant to such requirements, Plaintiffs and other Hourly Merchandisers purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, and paid for automobile financing all for the primary benefit of Defendant.

194.   Defendant does not track Plaintiffs' or other Hourly Merchandisers' actual expenses, nor does Defendant keep records of all of those expenses.

195.   Defendant does not reimburse Plaintiffs and other Hourly Merchandisers for their actual expenses.

196.   Defendant does not reimburse Plaintiffs and other Hourly Merchandisers at the IRS standard business mileage rate.

197.   Defendant does not reimburse Plaintiffs and other Hourly Merchandisers at a reasonable approximation of the Merchandisers' expenses.

198.   As a result of the automobile and other job-related expenses incurred by Plaintiffs and other Hourly Merchandisers, they were deprived of minimum wages guaranteed to them by the FLSA.

199. Because Defendant paid Plaintiffs and other Hourly Merchandisers an hourly wage at or around the applicable minimum wage, and because Plaintiffs and other Hourly Merchandisers incurred unreimbursed automobile expenses and other job expenses, the Hourly Merchandisers "kicked back" to Defendant an amount sufficient to cause additional minimum wage and overtime violations. *See* 29 C.F.R. § 531.35.

200. Plaintiffs regularly or occasionally worked more than 40 hours in a week.

201. Upon information and belief, other Hourly Merchandisers also regularly or occasionally worked more than 40 hours in a week.

202. Defendant routinely scheduled Plaintiffs and other Hourly Merchandisers to work more than 40 hours in a single workweek.

203. Defendant knew or should have known that Plaintiffs and other Hourly Merchandisers were working over 40 hours in some weeks.

204. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because they stem from a centralized human resources policy implemented uniformly from the corporate headquarters.

205. Plaintiffs worked over 40 hours or "kicked back" unreimbursed mileage expenses—and therefore incurred damages—in most weeks that they worked for Defendant.

206. At all relevant times herein, Defendant has deprived Plaintiffs and all others similarly situated of a proper minimum wage for all hours worked up to 40 per week and overtime premiums for all hours worked in excess of 40 hours per week.

207.    Defendant knew or should have known that it was not paying Plaintiffs and other Hourly Merchandisers sufficient minimum wages and overtime premiums for all hours worked.

208.    Defendant has willfully failed to pay minimum wage and overtime premiums to Plaintiffs and similarly situated Hourly Merchandisers.

209.    The net effect of Defendant's practices and policies regarding Plaintiffs' and other Hourly Merchandisers' job duties and pay, as described above, is that Defendant intentionally avoided paying Plaintiffs and other Hourly Merchandisers proper minimum wages and overtime premiums for all hours worked.

210.    Defendant made no reasonable efforts to ascertain and comply with applicable law.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

211.    Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Regular wage and overtime premiums for all hours worked over forty in any week;

B.    Liquidated damages; and

C.    Attorney's fees and costs.

212.    Plaintiffs propose the following class under the FLSA:

**All hourly-paid master merchandisers, merchandisers, field associates and field merchandisers within the past three (3) years.**

213.   In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

214.   The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

215.   The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.   They were classified by Defendant as nonexempt from the minimum wage and overtime requirements of the FLSA;

B.   They were paid hourly rates;

C.   The had substantially similar job duties and requirements;

D.   They recorded their time in the same manner;

E.   They were required by Defendant to incur expenses to maintain vehicles for travel between stores;

F.   They were subject to Defendant's common policy and practice of not reimbursing for automobile expenses related to travel between stores; and

G.   They were subject to Defendant's common policy and practice of denying pay for all hours worked, including overtime pay for some hours worked over 40 per work week.

216.   Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 100 persons.

217.   Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

218.    The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

219.    The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claims for Violations of the FLSA)

220.    Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

221.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

222.    At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA, 29. U.S.C. § 203.

223.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x the employee's regular rate for all hours worked over 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

224.    Defendant classified Plaintiffs as nonexempt from the requirements of the FLSA.

225.    Defendant failed to pay Plaintiffs for all hours worked.

226.    Defendant failed to pay Plaintiffs a sufficient overtime premium for all hours worked over forty each week.

227.    Defendant knew or should have known that its actions violated the FLSA.

228.    Defendant's conduct and practices, as described above, were willful.

229.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

230.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages and overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

231.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

232.    Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

233.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

234.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

235.    Defendant classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

236.    Defendant failed to pay Plaintiffs and similarly situated employees for all hours worked.

237.    Defendant failed to pay Plaintiffs and similarly situated employees a sufficient overtime premium for all hours worked over forty each week.

238.    Defendant deprived Plaintiffs and similarly situated employees of minimum wages and overtime compensation for hours worked over forty per week, in violation of the FLSA.

239.    Defendant knew of should have known that its actions violated the FLSA.

240.    Defendant's conduct and practices as described above, were willful.

241.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs, and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees, provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

242.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages and overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

243.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claims by Plaintiffs Jori Hutchinson and
### Amy Kay Knope for Violations of the IMWL)

244.    Plaintiffs Jori Hutchinson and Amy Kay Knope assert this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq*.

245.    At all relevant times, Defendant was Plaintiffs Jori Hutchinson and Amy Kay Knope's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

246.    IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

247.    Defendant classified Plaintiffs Jori Hutchinson and Amy Kay Knope as nonexempt from the overtime provisions of the IMWL.

248.    Defendant failed to pay Plaintiffs Jori Hutchinson and Amy Kay Knope for all hours worked.

249.    Defendant failed to pay Plaintiffs Jori Hutchinson and Amy Kay Knope a sufficient overtime premium for all hours worked over forty each week.

250.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

251.    By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs Jori Hutchinson and Amy Kay Knope for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month

following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiffs Jori Hutchinson and Amy Kay Knope's initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

252.   Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs Jori Hutchinson and Amy Kay Knope as provided by the IMWL, Plaintiffs Jori Hutchinson and Amy Kay Knope are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    FOURTH CAUSE OF ACTION
### (Individual Claims by Plaintiffs Jori Hutchinson and Amy Kay Knope for Violation of the IWPCA)

253.   Plaintiffs Jori Hutchinson and Amy Kay Knope assert this claim for damages and declaratory relief pursuant to the IWPCA, 820 ILCS 115/1, *et seq*.

254.   At all times relevant herein, Defendant was the "employer" of Plaintiffs Jori Hutchinson and Amy Kay Knope within the meaning of the IWPCA.

255.   At all times relevant herein, Plaintiffs Jori Hutchinson and Amy Kay Knope were the "employee" of Defendant within the meaning of the IWPCA.

256.   Section 4 of the IWPCA states that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820 ILCS 115/4.

257.   Section 2 of the IWPCA defines "final compensation" as "[p]ayments to separated employees" for "wages . . . and any other compensation owed the employee

by the employer pursuant to an employment contract or agreement between the two parties." 820 ILCS 115/2.

258.   Section 5 of the IWPCA states, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

259.   Defendant did not pay Plaintiffs Jori Hutchinson and Amy Kay Knope all wages and final compensation due.

260.   Section 14 of the IWPCA states, "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover . . . the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/14.

261.   Defendant knew or should have known that its actions violated the IWPCA.

262.   Plaintiffs Jori Hutchinson and Amy Kay Knope are entitled to recover an award of unpaid wages and liquidated damages as provided for by the IWPCA, for a reasonable attorney's fee and costs.

## X.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer herein and for the following relief:

A.      Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWL, the IWPCA and their related regulations;

B.      Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.      Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA, the IMWL, the IWPCA and their related regulations;

D.      Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the IMWL, the IWPCA and their related regulations;

E.      An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**KIERSTEN BECK, et al., Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com