IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KIERSTEN BECK, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 3:23-cv-3282-CRL-KLM |
| | ) |
| DRIVELINE RETAIL MERCHANDISING, INC., | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF LORI BENNETT

I, Lori Bennett, based on my personal knowledge, declare and state the following:

1. I am the Chief Financial Officer and Chief Human Capital Officer for Driveline Retail Merchandising, Inc. ("Driveline") and am knowledgeable concerning the matters contained in this Declaration.

2. Driveline provides manufacturers and retailers with retail merchandising services throughout the United States.

3. Merchandising refers generally, but is not limited, to the display or promotion of products for retail sale.  Merchandising includes only the placement of products and promotional materials in retail stores, but also related activities such as conducting inventories and audits to ensure that the products are properly placed in the stores.

4. Driveline provides merchandising services to national and regional retail chains covering more than 150,000 stores across the country.  Driveline provides these services – which

vary from customer to customer and, for each customer, from project to project – through retail "merchandisers."

5. Driveline merchandisers do not work out of a central or even regional office. During the three-year time period which Plaintiffs identify in their Complaint certification, Driveline continuously employed merchandisers throughout the country with varying duties, territories and supervisors.

6. Driveline merchandisers generally receive notice of available work assignments through the Driveline intranet.

7. Based on where a merchandiser lives and the relevant experience and job title, Driveline provides electronic notice of available work assignments to the merchandisers through the Driveline intranet and then he/she/they may accept or decline offered work assignments.

8. Due to having merchandisers all over the country, Driveline's employment onboarding process and the process for current merchandisers to accept available work assignments takes place online and is standardized for all merchandizers.

9. In an effort to ensure that every merchandiser is aware of Driveline policies regarding the terms and conditions of their employment, Driveline publishes these policies on the Driveline intranet.

10. Since January 4, 2019, Driveline has required every merchandiser to accept Driveline's Dispute Resolution Agreement ("Arbitration Agreement") as an express condition of beginning employment with Driveline. An exemplar of the Arbitration Agreement that each Driveline merchandiser has been required to accept and acknowledge as a condition of employment or continued employment from January 4, 2019 to present is attached to Driveline's Motion to Compel Arbitration as Exhibit 2.

11. Attached as Exhibit 3 to Driveline's Motion to Compel Arbitration as the Arbitration Agreements executed by each of the Plaintiffs that Driveline is able to identify based on the information provided in the Amended Complaint.

12. If an individual was already employed by Driveline as a merchandiser on January 4, 2019, the employee was presented the Arbitration Agreement through the Driveline intranet and was advised in writing that acceptance of the Driveline Arbitration Agreement was an express condition of continuing their employment with Driveline after that date.

13. Thus, every merchandiser who has worked at Driveline since January 2019 to date has executed the Arbitration Agreement contained in both Exhibit 2 and Exhibit 3 to Driveline's Motion to Compel Arbitration.

14. When a merchandiser accesses the Driveline intranet to accept an available work assignment and attempts to accept an available assignment, the merchandiser sees a "popup box" on the screen containing Driveline's "Terms and Acceptance of Work."

15. Paragraph 15 of Driveline's Terms states—in all capital letters-- "I UNDERSTAND THAT BY AGREEING TO PERFORM WORK FOR, AND/OR CONTINUING EMPLYOMENT WITH, DRIVELINE, I ACCEPT AND AGREE TO COMPY WITH THE DRIVELINE DISPUTE RESOLUTION AGREEMENT, WHICH REQUIRES MANDATORY ARBITRATION OF ANY DISPUTE COVERED BY THE DISPUTE RESOLUTION AGREEMENT. I FURTHER ACKNOWLEDGE AND AGREE THAT I HAVE RECEIVED A COPY OF THE DRIVELINE DISPUTE RESOLUTION AGREMEENT."

16. When a merchandiser accepts an available work assignment through the Driveline intranet, the merchandiser is required to acknowledge certain "Terms and Acceptance of Work." As part of the Terms and Acceptance of Work for each project, the merchandiser specifically and

Driveline Exhibit 1 - Bennett Declaration

expressly agrees to be bound by the Arbitration Agreement. An exemplar of Driveline's Terms and Acceptance of Work is included as part of Driveline's Motion to Compel Arbitration as Exhibit 2.

17. Each and every Driveline merchandiser who performed a work assignment for Driveline from early January 2019 to present has agreed to the Terms and Acceptance of Work and terms and conditions of Driveline's Arbitration Agreement, both set forth in Exhibit 2 to Driveline's Motion to Compel Arbitration.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 10th day of January 2024.

Signature _____  Date   January 10, 2024
Lori Bennett