DocuSign Envelope ID: D16272BA-BDA3-48C7-A9E3-D1577CB1F69B



# Code of Conduct

## Overview

Employees are expected to accept certain responsibilities, follow acceptable business principles in matters of conduct, and always exhibit a high degree of integrity. This policy also demands that employees refrain from any behavior that might be harmful to themselves, coworkers, the Company, or that might be viewed unfavorably by current or potential customers, or by the public at large. Employee conduct reflects on the Company, which is why it is important to have sincere respect for the rights and feelings of others. Employees are always encouraged to behave with the highest standards of professionalism.

## Behavior

Types of behavior and conduct that the Company considers inappropriate include, but are not limited to the following:

- Violating the Company's Anti-Harassment Policy
- Falsifying employment or other Company records
- Violating state, federal, or local laws and regulations
- Violating or failing to observe security or safety rules or Company safety practices
- Failing to wear required safety equipment
- Tampering with Company equipment or safety equipment
- Working without approved dress code or safety equipment
- Brining personal ladders, step stools, or any unauthorized equipment into work
- Soliciting gratuities from customers or clients
- Exhibiting excessive or unexcused absenteeism or tardiness
- Possessing firearms, weapons, or explosives on Company or Client property without authorization, in violation of Company policy, including but not limited to Driveline's Texas weapons policy, or while on duty
- Using Company property or supplies in an excessive, unnecessary, or unauthorized way or for personal use
- Engaging in criminal conduct or acts of violence, or making threats of violence toward anyone on Company or Client premises or when representing the Company
- Fighting or provoking a fight on Company or Client property, or causing negligent damage of property
- Reporting to work under the influence of drugs or alcohol, and/or illegally manufacturing, possessing, using, selling, distributing, or transporting drugs
- Committing theft or unauthorized possession of Company property or the property of fellow employees
- Possessing or removing any Company or Client property, including documents, from the premises without prior permission from management

...

DocuSign Envelope ID: D16272BA-BDA3-48C7-A9E3-D1577CB1F69B



- Using Company equipment or property for personal reasons without proper authorization
- Using Company equipment for profit
- Giving confidential or proprietary Company information to competitors or other organizations, or to unauthorized Company employees
- Breaching confidentiality of personnel information
- Employees must take reasonable measures to prevent unauthorized access to usernames and passwords for Company systems. Sharing, disclosing, or transferring usernames or passwords for Company systems without prior written authorization is not permitted.
- Using obscene, abusive, or threatening language or gestures
- Acting in an insubordinate manner
- Spreading malicious gossip and/or rumors
- Engaging in behavior that creates discord and lack of harmony
- Interfering with another employee on the job
- Restricting work output or encouraging others to do the same
- Sleeping or loitering during working hours
- Fraternizing with coworkers or customer personnel while on duty or in a Company-provided travel accommodation
- Soliciting during working hours and/or in working areas
- Selling merchandise or collecting funds of any kind for charities or others without authorization during business hours, or at a time and place that interferes with the work of another employee on Company or Client premises
- Purchasing any product on client property while performing Driveline work
- Smoking in restricted areas or at non-designated times, in accordance with Company policy
- Performing services for Driveline while working on-duty for a client or customer or vice versa
- Bringing non-Driveline employees into work, which includes but is not limited to the following: children, spouses, boyfriends/girlfriends, friends, relatives, and pets
- Subcontracting work to another individual, employed or not employed by the Company
- Working outside of Client-preferred work hours
- Any other behavior that a Customer or Client deems to be inappropriate or offensive and notifies Driveline Leadership of their discord
- Failing to abide by Driveline's Dispute Resolution Agreement

## Consequences of Misconduct

Should an employee's performance, work habits, overall attitude, conduct, or demeanor become unsatisfactory based on violations either of the above or of any other Company policies, rules, or regulations, the employee will be subject to disciplinary action, up to and including termination.

Driveline Exhibit 3 - Arbitration Agreements

DocuSign Envelope ID: D16272BA-BDA3-48C7-A9E3-D1577CB1F69B



An Employee that is barred from Customer retail outlets by Customer Management is subject to immediate termination of employment, as such a restriction would prohibit an Employee to accomplish the work required by Company activities.

## Acknowledgement

I acknowledge that I have received the Company's Code of Conduct Policy. I understand that violations of this policy could result in disciplinary action, up to and including termination.

I also understand that if I have questions about the interpretation or application of this policy, I should direct these questions to the Human Resources Department at hr@drivelineretail.com.

| Cindy Kern | |
| --- | --- |
| Employee Name (Printed) | Last Four Digits of Social Security |

| *Cindy Kern* (DocuSigned) | September 2, 2022 |
| --- | --- |
| Employee Signature | Date |

DocuSign Envelope ID: D16272BA-BDA3-48C7-A9E3-D1577CB1F69B



# Terms of Work Acceptance

1. I understand and agree that each of the requirements, terms and conditions set forth in these terms of work acceptance (the "Terms and Conditions") are essential terms for the work and conditions for payment in connection with the work.

2. I agree to complete the work on or by the schedule date, as specified, for completion of the work ("Schedule Date").

3. I understand that I must confirm and schedule my assigned work no later than noon EST on Monday of each week, whenever the work is posted before such deadline, including "Hard Dated" plans that are plan specific. I further understand that if I do not confirm the work by the deadline or fail to complete the confirmed work on the schedule date, Driveline reserves the right to reassign the work to another employee.

4. I understand that Driveline has the right to change assigned work at any time, including store assignments, based on business needs, consistent with applicable law.

5. I agree to complete the work within the time allowed for the work, as specified. I understand and agree that the time allowed for the work includes administrative time, such as preparation for routes, completion of work orders, submission of digital photographs, as well as store time ("Instore Time"). I further understand and agree that if additional time is needed to complete the work, such additional time must be pre-approved by my manager in writing.

6. I agree to take all required documents to the store where the work is to be done to complete the work in conformance with Driveline and Customer requirements and specifications. I further understand and agree that Driveline will reimburse me for required printing only, as indicated in the work plans, at a rate of three (3) cents per page. I further understand and agree that, other than as stated herein, I will not be reimbursed for the cost of any office supplies used by me in connection with the work (E.G., printing paper or printing toner) and that these types of administrative costs are included in the total amount I am to be paid after completion of the work.

7. To confirm that I have completed the work, I agree to complete and electronically submit Driveline's "Confirmation of Work Completion," the completed work order, any required digital photos, and any other necessary items for completion of the work no later than 1:00 AM EST on the date following the scheduled date. In the event I do not submit these items to Driveline by the deadline to confirm that the work has been completed as required by these terms and conditions, the work will be reassigned and I will not be paid for this assignment.

Page - **1** - of **3**
Adopted April 2019

   September 2, 202

Driveline Exhibit 3 - Arbitration Agreements

DocuSign Envelope ID: D16272BA-BDA3-48C7-A9E3-D1577CB1F69B



8. I understand that Driveline encourages me to complete and electronically submit the confirmation of work completion and other required items from the customer store using Driveline's mobile app.

9. I understand and agree that payment for the work is expressly conditioned on completion of the work on or by the schedule date, and confirmation that I have completed the work, including electronic submission of Driveline's "Confirmation of Work Completion," the completed work order, any required digital photos, and any other items necessary for the work. If I fail, for any reason, to complete the work by the schedule date and/or fail to confirm that I have completed the work as required by these terms and conditions, such failure will void the assignment, and/or the work will be deemed not to have been performed.

10. I understand and agree that mileage and drive time ("Drive Time") I incur in completing the work will be calculated through the use of a route optimization powered by Google Maps or similar mapping services ("Route Optimization"). I further understand and agree that Driveline will not pay drive time, or reimburse mileage, for normal commute from my home to the first store on a given day or from the last store to my home. I further understand that if the route optimization on a given day shows that my home is located more than thirty (30) miles from either the first store or the last store, I will be reimbursed for my mileage and paid for drive time incurred beyond the first thirty (30) miles between my home and the first store or the last store, as applicable. Any compensable mileage or drive time between my home and either the first or last store will be calculated by route optimization.

11. I understand that mileage will be reimbursed at a rate of twenty (20) cents per mile (except where governed by rule of law), as calculated by route optimization, and I agree that the rate of twenty (20) cents per mile is sufficient to reimburse me for the vehicle expenses actually and necessarily incurred by me in completing the work. I understand and agree that I may be paid for my drive time at a lesser hourly rate than the regular hourly rate that I will be paid for instore time. I also understand and agree that the average hourly rate for all actual time spent on a particular project, including both instore and drive time, may be less than the regular instore hourly rate. I further understand that any amounts paid to me for mileage or drive time will be paid in compliance with applicable federal and state law.

12. I understand that I am required to perform only those services as outlined in the assignment for the work. While I may perform services at a customer location, I understand that I am to take direction from my Driveline manager(s) only. I further understand if I perform services outside of the scope of work, I will not be reimbursed for time spent on these activities.

Page - 2 - of 3
Adopted April 2019

 September 2, 202

Driveline Exhibit 3 - Arbitration Agreements

DocuSign Envelope ID: D16272BA-BDA3-48C7-A9E3-D1577CB1F69B



13. I understand that Driveline is monitoring my performance relative to quality of work and timely completion/confirmation of the work. I further understand that Driveline reserves the right to limit my access to and assignment of additional work based on my performance at Driveline's sole discretion.

14. I understand that Driveline employees are prohibited from accessing Driveline's computer systems, including any Driveline mobile app, by using another Driveline employee's personal login information (such as login name, login email address, or employee password), for any purpose, including, without limitation, for reporting another employee's completion of work. I agree that I will not attempt to access any Driveline computer system or program by using another employee's personal login information, regardless of whether the other employee has consented to my use of his or her login information. I also agree that I will not provide my login information to any other Driveline employee or request any other person to access any Driveline computer system or program on my behalf, for any purpose.

15. I understand that, by agreeing to perform work for and/or continuing employment with Driveline, I accept and agree to comply with the Driveline dispute resolution agreement, which requires mandatory arbitration of any dispute covered by the Dispute Resolution Agreement. I further acknowledge and agree that I have received a copy of the Driveline Dispute Resolution Agreement.

## Acknowledgement

Cindy     Kern
_____
Employee Name (Printed)

▮▮▮▮
_____
Last Four Digits of Social Security

— DocuSigned by:
*Cindy Kern*
— 23CC5C1B69C5493
_____
Employee Signature

September 2, 2022
_____
Date

Page - 3 - of 3
Adopted April 2019

Driveline Exhibit 3 - Arbitration Agreements

DocuSign Envelope ID: D16272BA-BDA3-48C7-A9E3-D1577CB1F69B



# Dispute Resolution Agreement

## Overview

This Dispute Resolution Agreement ("Agreement") applies to any claims or disputes ("Disputes") arising out of, relating to, or connected with your application for at-will employment with Driveline Retail Merchandising, Inc. or one of its affiliates, subsidiaries, or parent companies ("Driveline"), your at-will employment with Driveline, and the termination of your at-will employment, except for claims specifically excluded under the terms of this Agreement. By accepting or continuing employment with Driveline after the Effective Date of this Agreement, you accept this Agreement and agree to follow the requirements for resolving disputes according to the terms in this Agreement, even if you do not electronically sign the Agreement.

This Agreement requires that all such Disputes be resolved only by a neutral arbitrator through final and binding arbitration and not by way of court or jury trial, except as otherwise stated in this Agreement. Accordingly:

1. You and Driveline agree to arbitrate any Dispute, including all statutory claims and any state or federal claims that may arise out of, relate to, or is in connection with your at-will employment with Driveline, including your application for employment and the termination of your at-will employment.
2. You and Driveline agree to bring any Dispute in arbitration on an individual basis only, and not on a joint, class, or collective action basis.
3. You and Driveline agree that there will be no right or authority for any Dispute to be brought, heard, or arbitrated as a joint action, class action, or collective action.

## Arbitration

The arbitration shall be conducted pursuant to the American Arbitration Association's employment arbitration rules, then in effect, before a single arbitrator licensed to practice law in the state in which you are or were employed. A copy of these Rules may be obtained from Driveline's Human Resources Department or at www.adr.org. Both parties are entitled to conduct discovery to the fullest extent authorized by applicable law. The arbitration proceeding, and all related documents will be confidential, to the fullest extent permitted by applicable law.

Disputes are to be initiated by filing a demand for arbitration within the time limit established by the applicable statute of limitations if the Dispute involves statutory rights. If no statutory rights are involved and to the fullest extent permitted by applicable law, such Disputes must be brought within one (1) year of the day on which you knew, or through reasonable diligence, should have known of the facts giving rise to the Dispute.

## Process

Prior to submitting a Dispute to arbitration, you and Driveline agree to first attempt to resolve the Dispute by the initiating party notifying the other party of the Dispute in writing

Page **- 1 -** of **3**
Revised May 2022

September 2, 202

DocuSign Envelope ID: D16272BA-BDA3-48C7-A9E3-D1577CB1F69B



explaining, in reasonable detail, the grounds for such Dispute. Both parties agree to give the receiving party the opportunity to respond to the Dispute, in writing, within ten (10) days of receipt of the written notification and give the other party the opportunity to meet and confer. Written notification to Driveline shall be made to disputeresolution@drivelineretail.com.

If the Dispute is not resolved in this manner, the Dispute may then proceed to arbitration at the request of either party. The parties agree that the decision of the arbitrator shall be in writing, final, and binding. Except for Disputes regarding rights conferred by statute or regulation and to the fullest extent permitted by applicable law, the parties agree that the law of the State of Texas shall apply to all other Disputes. Judgement on any award rendered by an arbitrator may be entered and enforced in any court having jurisdiction thereof, and in states where so required a court of competent jurisdiction must render judgment upon any award subject to this Agreement.

## Scope of This Agreement

This agreement does not absolve you from any applicable administrative filing requirements or prevent you from:

1. Filing a charge with or seeking relief from the National Labor Relations Board, the U.S. Department of Labor, or the U.S. Equal Employment Opportunity Commission; or
2. Filing a claim with similar state agencies, if applicable law allows you to do so.

This Agreement does not cover: claims for workers compensation, state disability or unemployment insurance benefits; claims under California Labor Code Private Attorneys General Act of 2004 (PAGA); any criminal complaint or proceeding filed by a governmental agency; claims for restitution or civil penalties owed by an employee for an act for which Driveline sought criminal prosecution; and/or any charges, claims, or lawsuits pending as of January 5, 2019 ("Effective Date").

## Costs and Fees

Both parties agree that if a party brings an action that asserts only claims or Disputes subject to arbitration under this Agreement, any party thereafter prevailing on a motion to compel arbitration shall be entitled to that party's reasonable costs and attorney fees incurred in compelling arbitration. The parties agree that if a party brings an action that includes both claims and Disputes subject to arbitration under this Agreement and claims that, by law, are not subject to arbitration, all claims that, by law, are not subject to arbitration shall be stayed until the claims and Disputes subject to arbitration are fully arbitrated and/or otherwise resolved. The parties further agree that in such a situation, the arbitrator's decision on the claims and Disputes subject to arbitration, including determinations as to disputed factual and legal issues, shall be dispositive and entitled to full force and effect in a separate or stayed lawsuit on the claims that, by law, are not subject to arbitration. Any and all disputes regarding the enforceability of this Agreement



DocuSign Envelope ID: D16272BA-BDA3-48C7-A9E3-D1577CB1F69B



and/or the scope of claims and Disputes subject hereto are within the exclusive authority of the arbitrator to be appointed pursuant hereto.

For those Disputes subject to arbitration, Driveline shall be responsible for the arbitrator's fees and expenses. Each party shall pay its own costs and attorney fees, if any. However, if any party prevails on a claim, which under applicable law affords the prevailing party attorney fees and costs, or if there is a written agreement providing for attorney fees and costs, the arbitrator may award reasonable attorney fees and costs to the prevailing party. Any dispute as to the reasonableness of any fee or cost shall be resolved by the arbitrator.

## Governance

The parties acknowledge and agree that Driveline is engaged in transactions involving interstate commerce, that this Agreement is a part of and evidence of transactions involving commerce, and that this Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. If any specific provision of this Agreement, including the Parties' mutual agreement to waive any right to a jury trial, shall remain binding and enforceable to the full extent permitted by applicable law.

## Acknowledgement

I acknowledge that I have read and received the Company's Dispute Resolution Agreement. I understand that violations of this policy could result in disciplinary action, up to and including termination.

I also understand that if I have questions about the interpretation or application of this policy, I should direct these questions to the Human Resources Department at hr@drivelineretail.com.

| Cindy   Kern | |
|---|---|
| Employee Name (Printed) | Last Four Digits of Social Security |

| *Cindy Kern* (DocuSigned) | September 2, 2022 |
|---|---|
| Employee Signature | Date |