**From:** tess@sanfordlawfirm.com [mailto:tess@sanfordlawfirm.com]
**Sent:** Monday, January 14, 2019 9:48 AM
**To:** 'Josh S'; Stuart Jackson
**Cc:** 'Christopher W. Burks'
**Subject:** RE: Black et al v. Driveline

Stuart,

I am following up with the email I sent you this morning regarding our client, Derek Ward. He has clicked through this morning when trying to access his work portal, but only so that he can work today. Any supposed acceptance of an arbitration agreement is now hereby revoked.

**From:** Josh S <josh@sanfordlawfirm.com>
**Sent:** Monday, January 14, 2019 9:39 AM
**To:** Stuart Jackson <wjackson@wlj.com>
**Cc:** Tess Bradford <tess@sanfordlawfirm.com>; Christopher W. Burks <chris@sanfordlawfirm.com>
**Subject:** Re: Black et al v. Driveline

I will let Chris answer, as he has seen as much of it as we were able to.

On Jan 14, 2019, at 9:33 AM, Stuart Jackson <wjackson@wlj.com> wrote:

So have you seen this agreement?  Have you read it?

I'll pass this along to Oklahoma counsel.



Stuart Jackson
ATTORNEY
501.212.1358 | wjackson@wlj.com

Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300 | Little Rock, AR 72201
Main 501.371.0808 | Fax 501.376.9442 | wlj.com

Follow us on *Twitter* **@WLJEmployment**

This e-mail is for the sole use of the intended recipient or recipients and may contain information or material that is confidential, attorney-client privileged, and/or attorney work product.  If you receive this e-mail in error, please contact the sender, delete the original and all copies of the e-mail, and destroy any other hard copies of it.  No waiver of any privilege or the work product doctrine is intended.

Additionally, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any tax-related matters addressed herein.

**From:** Tess Bradford [mailto:tess@sanfordlawfirm.com]
**Sent:** Monday, January 14, 2019 9:31 AM
**To:** Stuart Jackson
**Cc:** Chris Burks; Josh S
**Subject:** Re: Black et al v. Driveline

Stuart,

Driveline Exhibit 5 - Emails Regarding Arbitration Agreement

In addition to the revocations of the supposed arbitration agreements I emailed you about last night, the Sanford Firm now has an additional client named Derek Ward.

Derek Ward *does not agree* to be bound by an arbitration agreement.  Instead, he wants only to do his work and proceed like a normal litigant in this case.

As we wrote you last night, there is some non-sense supposed arbitration agreement that the current merchandisers must "accept" today in order to get their next work assignment.

Our client Derek Ward is only clicking through so that he can complete his work orders today. I will be emailing you shortly after Derek Ward clicks to confirm that he has clicked but that he specifically rejects to be bound by the arbitration agreement and revokes any acceptance.

On Mon, Jan 14, 2019 at 7:51 AM Stuart Jackson <wjackson@wlj.com> wrote:
I will see what I can find out.  I am unaware of this.



Stuart Jackson
ATTORNEY
501.212.1358 | wjackson@wlj.com

Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300 | Little Rock, AR 72201
Main 501.371.0808 | Fax 501.376.9442 | wlj.com

Follow us on *Twitter* **@WLJEmployment**

This e-mail is for the sole use of the intended recipient or recipients and may contain information or material that is confidential, attorney-client privileged, and/or attorney work product.  If you receive this e-mail in error, please contact the sender, delete the original and all copies of the e-mail, and destroy any other hard copies of it.  No waiver of any privilege or the work product doctrine is intended.

Additionally, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any tax-related matters addressed herein.

**From:** Josh S [mailto:josh@sanfordlawfirm.com]
**Sent:** Sunday, January 13, 2019 10:44 PM
**To:** Stuart Jackson
**Cc:** Chris Burks; Tess Bradford

**Subject:** Black et al v. Driveline

Stuart,

The purpose of this email is to advise you that the supposed acquiescence to arbitration that your client has attempted to extract from my clients in the case above is hereby <u>revoked</u>.  Specifically, there is some non-sense arbitration agreement that the current merchandisers must "accept" in order to get their next work assignment, and Shirley Black and Rebecca Morris *do not agree* to be bound by an arbitration agreement.  Instead, the want only to do their work and proceed like normal litigants in this case.

I am not prepared, at this late hour, to go into the details of how the process your client has used to attempt to subvert the legal system is not allowed.  Similarly, it's too late in the evening (and too early in my understanding of what has transpired) for me to explain how you and your Oklahoma counsel have violated Rule 4.2 of the Ark. R. Prof. Ethics.

Given that these ladies have revoked their supposed acceptance of the arbitration process, please let me know at once if they are terminated by Driveline.

Thanks,

Josh
--

Tess Bradford

Attorney at Law


**Sanford Law Firm, PLLC**

Offices in Little Rock and Russellville


One Financial Center

650 S. Shackleford, Suite 411

Little Rock, Arkansas 72211

Phone:  (501) 221-0088

Fax:  (888)787-2040

Website:  http://sanfordlawfirm.com/

Email:  tess@sanfordlawfirm.com


This message, and any attachments, is intended for the addressee only.  It may contain information which is legally privileged, confidential, and exempt from disclosure.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance  on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 USC 2510-2521.  If you have received this e-mail in error, please notify the sender immediately by telephone at (479) 880-0088 or by return e-mail and delete the message and any attachments.

**From:** Hanna, Lauren B.
**Sent:** Monday, January 14, 2019 2:11 PM
**To:** chris@sanfordlawfirm.com; josh@sanfordlawfirm.com; tess@sandordlawfirm.com
**Cc:** Stuart Jackson <wjackson@wlj.com>; Hasenfratz, Sally A. <sahasenfratz@phillipsmurrah.com>; Terry, Kathryn D. <kdterry@phillipsmurrah.com>
**Subject:** Black, et al. v. Driveline--Dispute Resolution Agreement

Josh and Chris,

Stuart forwarded the emails you sent last night and this morning regarding Driveline's recently-implemented dispute resolution policy.  Our primary Driveline contact has had a personal loss and is out of the office this week, but we are following up on a couple of points raised in your email that we will address as soon as we have additional information.

As an initial matter, we take your allegations of "subverting the legal system," making an "end-run around the attorney-client relationship," and violating Rule 4.2 of the Ark. R. Prof. Ethics very seriously.  Your clients are current Driveline employees—it is not inappropriate for Driveline to communicate with its employees regarding relevant employment policies.  Driveline recently notified its 13,000+ at-will employees of some new/updated employment policies, including a new dispute resolution agreement.  As Driveline indicated in its all-employee email, the new/updated documents were made available to its employees in the Driveline Forms Depot on Friday.  In order to  be eligible to continue accepting Driveline merchandising assignments, Driveline employees were required to electronically acknowledge receipt and acceptance of these documents by Monday at noon.

The attached Dispute Resolution Agreement (the "Agreement") is a copy of the one that you provided to Stuart through a series of screenshots.  Please review the paragraph on the middle of the second page of the Agreement.  The Agreement specifically states that "This Agreement does not cover: ...any charges, claims or lawsuits pending as of January 5, 2019 ("Effective Date")."  The Agreement explicitly disclaims coverage of the claims at issue in this pending lawsuit (including any claims that may be brought by opt-in plaintiffs for the period at issue in the pending lawsuit).  This Agreement only applies to claims that may accrue **after** a Driveline employee executes the Agreement and continues to accept Driveline assignments.

We do not believe there is any good-faith basis to file an emergency motion to prevent Driveline from communicating with its employees regarding revisions to employment policies or to prevent Driveline from implementing a dispute resolution agreement that expressly disclaims any application to claims accrued prior to the effective date of the agreement.

We will follow up with you after we communicate further with our client.  In the future, we would appreciate being copied on any emails to counsel, so that we can timely respond as appropriate.

Regards,
Lauren



Lauren Barghols Hanna
Of Counsel

Phillips Murrah P.C. | Corporate Tower | Thirteenth Floor
101 N. Robinson | Oklahoma City, OK  73102
M: 405.235.4100 | F: 405.235.4133 | Cell:  405.627.8798
lbhanna@phillipsmurrah.com | **VCard** | **Profile**

Disclaimer: The email communication and the documents accompanying this email communication contain information from the law firm of Phillips Murrah P.C., which communication and documents are intended to be for the use of the individual or entity named on this transmission email only and which may be confidential, privileged or attorney work product. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email information is strictly prohibited. If you received this email in error, please notify us immediately by email or telephone at 405-235-4100 and delete this email and any attachments.

Driveline Exhibit 5 - Emails Regarding Arbitration Agreement



## Dispute Resolution Agreement

This Dispute Resolution Agreement ("Agreement") applies to any claims or disputes ("Disputes") arising out of, related to or connected with your application for at-will employment with Driveline Retail Merchandising, Inc. or one of its affiliates, subsidiaries or parent companies ("Driveline"), your at-will employment with Driveline and the termination of your at-will employment, except for claims specifically excluded under the terms of this Agreement. By accepting or continuing employment with Driveline after the Effective Date of this Agreement, you accept this Agreement and agree to follow the requirements for resolving disputes according to the terms in this Agreement, even if you do not electronically sign the Agreement.

This Agreement requires that all such Disputes be resolved only by a neutral arbitrator through final and binding arbitration and not by way of court or jury trial except as otherwise stated in this Agreement. Accordingly:

a) You and Driveline agree to arbitrate any Dispute (including all statutory claims and any state or federal claims) that may arise out of, relate to, or is in connection with your at-will employment with Driveline, including your application for employment and the termination of your at-will employment.

b) You and Driveline also agree to bring any Dispute in arbitration on an individual basis only, and not on a joint, class or collective action basis.

c) Further, you and Driveline agree that there will be no right or authority for any Dispute to be brought, heard or arbitrated as a joint action, class action or collective action.

The arbitration shall be conducted pursuant to the American Arbitration Association's employment arbitration rules, then in effect, before a single arbitrator licensed to practice law in the state in which you are or were employed. A copy of these Rules may be obtained from Driveline's Human Resources Department or at www.adr.org.  The parties are entitled to conduct discovery to the fullest extent authorized by applicable law.  The arbitration proceeding and all related documents will be confidential, to the fullest extent permitted by applicable law.

Disputes are to be initiated by filing a demand for arbitration within the time limit established by the applicable statute of limitations if the Dispute involves statutory rights. If no statutory rights are involved and to the fullest extent permitted by applicable law, such Disputes must be brought within one (1) year of the day on which you knew, or through reasonable diligence, should have known of the facts giving rise to the Dispute.

Prior to submitting a Dispute to arbitration, you and Driveline agree to first attempt to resolve the Dispute by the party initiating the Dispute notifying the other party in writing of the Dispute and explaining in reasonable detail the grounds for such Dispute; by giving the other party the opportunity to respond in writing to the Dispute within 10 days of receipt of the written notification; and by giving the other party the opportunity to meet and confer.  Written notification to Driveline shall be made to disputeresolution@drivelineretail.com.  If the Dispute is not resolved in this manner, the Dispute may then proceed to arbitration at the request of either party.  The parties agree that the decision of the arbitrator shall be in writing, final and binding.  Except for Disputes regarding rights conferred by statute or regulation and to the fullest extent permitted by applicable law, the parties agree that the law of the State of Texas shall apply to all other Disputes. Judgment on any award rendered by an arbitrator may be entered and enforced in any court having jurisdiction thereof, and in states where so required a court of competent jurisdiction must render judgment upon any award subject to this Agreement.

This Agreement does not absolve you from any applicable administrative filing requirements or prevent you from:

a) filing a charge with or seeking relief from the National Labor Relations Board, the U.S. Department of Labor, or the U.S. Equal Employment Opportunity Commission; or

b) filing a claim with similar state agencies if applicable law allows you to do so.

This Agreement does not cover: claims for workers compensation, state disability or unemployment insurance benefits; claims under California Labor Code Private Attorneys General Act of 2004 (PAGA); any criminal complaint or proceeding filed by a governmental agency; claims for restitution or civil penalties owed by an employee for an act for which Driveline sought criminal prosecution; and/or any charges, claims or lawsuits pending as of January 5, 2019 ("Effective Date").

The parties agree that if a party brings an action that asserts only claims or Disputes subject to arbitration under this Agreement, any party thereafter prevailing on a motion to compel arbitration shall be entitled to that party's reasonable costs and attorneys' fees incurred in compelling arbitration.  The parties agree that if a party brings an action that includes both claims and Disputes subject to arbitration under this Agreement and claims that by law are not subject to arbitration, all claims that by law are not subject to arbitration shall be stayed until the claims and Disputes subject to arbitration are fully arbitrated and/or otherwise resolved.  The parties further agree that in such a situation, the arbitrator's decision on the claims and Disputes subject to arbitration, including determinations as to disputed factual and legal issues, shall be dispositive

and entitled to full force and effect in a separate or stayed lawsuit on the claims that by law are not subject to arbitration.  Any and all disputes regarding the enforceability of this Agreement and/or the scope of claims and Disputes subject hereto are within the exclusive authority of the arbitrator to be appointed pursuant hereto.

For those Disputes subject to arbitration, Driveline shall be responsible for the arbitrator's fees and expenses. Each party shall pay its own costs and attorneys' fees, if any. However, if any party prevails on a claim which under applicable law affords the prevailing party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees and costs, the arbitrator may award reasonable attorneys' fees and costs to the prevailing party. Any dispute as to the reasonableness of any fee or cost shall be resolved by the arbitrator.

The parties acknowledge and agree that Driveline is engaged in transactions involving interstate commerce, that this Agreement is a part of and evidences a transaction involving commerce, and that this Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. If any specific provision of this Agreement is deemed invalid or unenforceable, the remainder of this Agreement, including the Parties' mutual agreement to waive any right to a jury trial, shall remain binding and enforceable to the full extent permitted by applicable law.

**From:** Josh S <josh@sanfordlawfirm.com>
**Sent:** Monday, January 14, 2019 3:54 PM
**To:** Hanna, Lauren B. <lbhanna@phillipsmurrah.com>
**Cc:** Christopher W. Burks <chris@sanfordlawfirm.com>; Tess Bradford <tess@sanfordlawfirm.com>; Stuart Jackson <wjackson@wlj.com>; Hasenfratz, Sally A. <sahasenfratz@phillipsmurrah.com>; Terry, Kathryn D. <kdterry@phillipsmurrah.com>
**Subject:** Re: Black, et al. v. Driveline--Dispute Resolution Agreement


[EXTERNAL]

Thank you so much for this explanation.  This makes so much more sense.  I have never known Stuart to be involved in anything as ethically murky as what seemed to be happening in this case.  It really caught us off guard.

Thanks,

Josh


On Jan 14, 2019, at 2:11 PM, Hanna, Lauren B. <lbhanna@phillipsmurrah.com> wrote:

Josh and Chris,

Stuart forwarded the emails you sent last night and this morning regarding Driveline's recently-implemented dispute resolution policy.  Our primary Driveline contact has had a personal loss and is out of the office this week, but we are following up on a couple of points raised in your email that we will address as soon as we have additional information.

As an initial matter, we take your allegations of "subverting the legal system," making an "end-run around the attorney-client relationship," and violating Rule 4.2 of the Ark. R. Prof. Ethics very seriously.  Your clients are current Driveline employees—it is not inappropriate for Driveline to communicate with its employees regarding relevant employment policies.  Driveline recently notified its 13,000+ at-will employees of some new/updated employment policies, including a new dispute resolution agreement.  As Driveline indicated in its all-employee email, the new/updated documents were made available to its employees in the Driveline Forms Depot on Friday.  In order to  be eligible to continue accepting Driveline merchandising assignments, Driveline employees were required to electronically acknowledge receipt and acceptance of these documents by Monday at noon.

The attached Dispute Resolution Agreement (the "Agreement") is a copy of the one that you provided to Stuart through a series of screenshots.  Please review the paragraph on the middle of the second page of the Agreement.  The Agreement specifically states that "This Agreement does not cover: …any charges, claims or lawsuits pending as of January 5, 2019 ("Effective Date")."  The Agreement explicitly disclaims coverage of the claims at issue in this pending lawsuit (including any claims that may be brought by opt-in plaintiffs for the period at issue in the pending lawsuit).  This Agreement only applies to claims that may accrue **after** a Driveline employee executes the Agreement and continues to accept Driveline assignments.

We do not believe there is any good-faith basis to file an emergency motion to prevent Driveline from communicating with its employees regarding revisions to employment policies or to prevent Driveline from

implementing a dispute resolution agreement that expressly disclaims any application to claims accrued prior to the effective date of the agreement.

We will follow up with you after we communicate further with our client.  In the future, we would appreciate being copied on any emails to counsel, so that we can timely respond as appropriate.

Regards,
Lauren

<image002.png>  Lauren Barghols Hanna
Of Counsel
<image004.jpg>
Phillips Murrah P.C. | Corporate Tower | Thirteenth Floor
101 N. Robinson | Oklahoma City, OK  73102
M: 405.235.4100 | F: 405.235.4133  I Cell:  405.627.8798
lbhanna@phillipsmurrah.com  |  **VCard**  |  **Profile**

Disclaimer: The email communication and the documents accompanying this email communication contain information from the law firm of Phillips Murrah P.C., which communication and documents are intended to be for the use of the individual or entity named on this transmission email only and which may be confidential, privileged or attorney work product. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email information is strictly prohibited. If you received this email in error, please notify us immediately by email or telephone at 405-235-4100 and delete this email and any attachments.

<Dispute Resolution Agreement - Final 01042019.pdf>

**From:** Josh S <josh@sanfordlawfirm.com>
**Sent:** Tuesday, January 15, 2019 10:43 AM
**To:** Hanna, Lauren B. <lbhanna@phillipsmurrah.com>
**Cc:** Christopher W. Burks <chris@sanfordlawfirm.com>; Tess Bradford <tess@sanfordlawfirm.com>; Stuart Jackson <wjackson@wlj.com>; Hasenfratz, Sally A. <sahasenfratz@phillipsmurrah.com>; Terry, Kathryn D. <kdterry@phillipsmurrah.com>
**Subject:** Re: Black, et al. v. Driveline--Dispute Resolution Agreement

Please accept this email as a formal and binding withdrawal of the revocation of the DRAs for each of our Clients.

I could probably get on a call around 4 today if you like.

On Jan 15, 2019, at 10:29 AM, Hanna, Lauren <lbhanna@phillipsmurrah.com> wrote:

Chris and Josh,

You are correct that the Dispute Resolution Agreement does not cover the wage claims at issue in the pending lawsuit, including any wage claims for the period at issue asserted by opt-in plaintiffs that the Court would allow to make a claim.  Of course, other than invoking the Dispute Resolution Agreement, Driveline retains all defenses to all plaintiffs' claims in this lawsuit.

Could we get on a conference call today to discuss the status of your clients' attempted revocation of their Dispute Resolution Agreements?

Thanks,
Lauren

Lauren Barghols Hanna
Of Counsel
<image001.jpg>
Phillips Murrah P.C. | M: 405.235.4100 | F: 405.235.4133 l Cell:  405.627.8798
phillipsmurrah.com

**From:** Chris Burks <chris@sanfordlawfirm.com>
**Sent:** Monday, January 14, 2019 5:13 PM
**To:** Hanna, Lauren B. <lbhanna@phillipsmurrah.com>; Josh S <josh@sanfordlawfirm.com>; tess@sandordlawfirm.com
**Cc:** Stuart Jackson <wjackson@wlj.com>; Hasenfratz, Sally A. <sahasenfratz@phillipsmurrah.com>; Terry, Kathryn D. <kdterry@phillipsmurrah.com>
**Subject:** RE: Black, et al. v. Driveline--Dispute Resolution Agreement

[EXTERNAL]

Lauren and Stuart,
Thanks and to add to Josh's email, am I to understand your statement in the email below that "the Agreement explicitly disclaims coverage of the claims at issue in this pending lawsuit (including any claims

that may be brought by opt-in plaintiffs for the period at issue in the pending lawsuit)" to cover all opt-in Plaintiffs that the Court would allow to make a claim in this matter?

We fully expect the Court to order a collective action where many opt-in plaintiffs will file a consent to join and make a claim that accrued prior to the effective date of the Agreement, and we want to be on the same page that those claims will be allowed.

Lastly, I will add that this matter seems ripe for mediation. Rather than many spin-off cases and protracted litigation, it is often a win/win for a mediation prior to or right after collective action certification.

For a class of this size, we would recommend experienced FLSA mediators Bill wisdom, Gloria Portela or Jack Wisdom. We would be happy to try and get some dates from them and cc you if you would like.

Thank you,
Chris Burks

**From:** Hanna, Lauren B. [mailto:lbhanna@phillipsmurrah.com]
**Sent:** Monday, January 14, 2019 2:11 PM
**To:** chris@sanfordlawfirm.com; josh@sanfordlawfirm.com; tess@sandordlawfirm.com
**Cc:** Stuart Jackson <wjackson@wlj.com>; Hasenfratz, Sally A. <sahasenfratz@phillipsmurrah.com>; Terry, Kathryn D. <kdterry@phillipsmurrah.com>
**Subject:** Black, et al. v. Driveline--Dispute Resolution Agreement

Josh and Chris,

Stuart forwarded the emails you sent last night and this morning regarding Driveline's recently-implemented dispute resolution policy. Our primary Driveline contact has had a personal loss and is out of the office this week, but we are following up on a couple of points raised in your email that we will address as soon as we have additional information.

As an initial matter, we take your allegations of "subverting the legal system," making an "end-run around the attorney-client relationship," and violating Rule 4.2 of the Ark. R. Prof. Ethics very seriously. Your clients are current Driveline employees—it is not inappropriate for Driveline to communicate with its employees regarding relevant employment policies. Driveline recently notified its 13,000+ at-will employees of some new/updated employment policies, including a new dispute resolution agreement. As Driveline indicated in its all-employee email, the new/updated documents were made available to its employees in the Driveline Forms Depot on Friday. In order to be eligible to continue accepting Driveline merchandising assignments, Driveline employees were required to electronically acknowledge receipt and acceptance of these documents by Monday at noon.

The attached Dispute Resolution Agreement (the "Agreement") is a copy of the one that you provided to Stuart through a series of screenshots. Please review the paragraph on the middle of the second page of the Agreement. The Agreement specifically states that "This Agreement does not cover: ...any charges, claims or lawsuits pending as of January 5, 2019 ("Effective Date")." The Agreement explicitly disclaims coverage of the claims at issue in this pending lawsuit (including any claims that may be brought by opt-in plaintiffs for the period at issue in the pending lawsuit). This Agreement only applies to claims that may accrue **after** a Driveline employee executes the Agreement and continues to accept Driveline assignments.

We do not believe there is any good-faith basis to file an emergency motion to prevent Driveline from communicating with its employees regarding revisions to employment policies or to prevent Driveline from implementing a dispute resolution agreement that expressly disclaims any application to claims accrued prior to the effective date of the agreement.

We will follow up with you after we communicate further with our client.  In the future, we would appreciate being copied on any emails to counsel, so that we can timely respond as appropriate.

Regards,
Lauren

<image005.png>   Lauren Barghols Hanna
                 Of Counsel
                 <image006.jpg>
                 Phillips Murrah P.C. | Corporate Tower | Thirteenth Floor
                 101 N. Robinson | Oklahoma City, OK  73102
                 M: 405.235.4100 | F: 405.235.4133 | Cell:  405.627.8798
                 lbhanna@phillipsmurrah.com |  **VCard**  |  **Profile**

Disclaimer: The email communication and the documents accompanying this email communication contain information from the law firm of Phillips Murrah P.C., which communication and documents are intended to be for the use of the individual or entity named on this transmission email only and which may be confidential, privileged or attorney work product. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email information is strictly prohibited. If you received this email in error, please notify us immediately by email or telephone at 405-235-4100 and delete this email and any attachments.

**From:** tess@sanfordlawfirm.com <tess@sanfordlawfirm.com>
**Sent:** Monday, February 11, 2019 9:43 AM
**To:** Terry, Kathryn D. <kdterry@phillipsmurrah.com>; Hanna, Lauren B. <lbhanna@phillipsmurrah.com>; Hasenfratz, Sally A. <sahasenfratz@phillipsmurrah.com>
**Cc:** 'Stuart Jackson' <wjackson@wlj.com>; 'Chris Burks' <chris@sanfordlawfirm.com>; 'Josh S' <josh@sanfordlawfirm.com>
**Subject:** RE: Shirley Black, et al. v. Driveline Retail

[EXTERNAL]

Good afternoon,

I have attached the signed acknowledgements from Shirly Black, Rena McCraw, Rebecca Morris and Derek Ward.

Thank you,

**Tess Bradford**
Attorney at Law

**Sanford Law Firm, PLLC**
Offices in Little Rock and Russellville, Arkansas

One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
Phone:  (501) 221-0088
Fax:  (888)787-2040
Website:  http://sanfordlawfirm.com/
Email:  tess@sanfordlawfirm.com

This message, and any attachments, is intended for the addressee only.  It may contain information which is legally privileged, confidential, and exempt from disclosure.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance  on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 USC 2510-2521.  If you have received this e-mail in error, please notify the sender immediately by telephone at (479) 880-0088 or by return e-mail and delete the message and any attachments.

I, Shirley Black, acknowledge that my attempted revocation of the 2019 revised Terms of Work Acceptance and the Dispute Resolution Agreement through my counsel's January 13, 2019 and January 14, 2019 emails to Driveline's counsel was not effective for any purposes. It is my understanding that Driveline has acknowledged through counsel that the Dispute Resolution Agreement does not apply to Plaintiffs' current claims in the pending lawsuit *Black et al. v. Driveline,* including any opt-in plaintiffs who join in Plaintiffs' asserted claims.  I acknowledge that I am, and have been, bound by the revised Terms of Work Acceptance, the Dispute Resolution Agreement and all other policies and documents that I executed/acknowledged through my January 13, 2019 electronic signature on Driveline's online portal.

Shirley Black

Employee ID 1146164

I, Rena McCraw, acknowledge that any attempted revocation of the 2019 revised Terms of Work Acceptance and the Dispute Resolution Agreement through my counsel's January 13, 2019 and January 14, 2019 emails to Driveline's counsel was not effective for any purposes.  It is my understanding that Driveline has acknowledged through counsel that the Dispute Resolution Agreement does not apply to Plaintiffs' current claims in the pending lawsuit *Black et al. v. Driveline,* including any opt-in plaintiffs who join in Plaintiffs' asserted claims.  I acknowledge that I am bound by the revised Terms of Work Acceptance, the Dispute Resolution Agreement and all other policies and documents that I execute by my electronic signature on Driveline's online portal as of my return from FMLA leave.

Rena McCraw

Employee ID 1111059

I, Rebecca Morris, acknowledge that my attempted revocation of the 2019 revised Terms of Work Acceptance and the Dispute Resolution Agreement through my counsel's January 13, 2019 and January 14, 2019 emails to Driveline's counsel was not effective for any purposes. It is my understanding that Driveline has acknowledged through counsel that the Dispute Resolution Agreement does not apply to Plaintiffs' current claims in the pending lawsuit *Black et al. v. Driveline,* including any opt-in plaintiffs who join in Plaintiffs' asserted claims. I acknowledge that I am, and have been, bound by the revised Terms of Work Acceptance, the Dispute Resolution Agreement and all other policies and documents that I executed/acknowledged through my January 13, 2019 electronic signature on Driveline's online portal.

Rebecca Morris

Employee ID 1174890

I, Derek Ward, acknowledge that my attempted revocation of the 2019 revised Terms of Work Acceptance and the Dispute Resolution Agreement through my counsel's January 13, 2019 and January 14, 2019 emails to Driveline's counsel was not effective for any purposes.  It is my understanding that Driveline has acknowledged through counsel that the Dispute Resolution Agreement does not apply to Plaintiffs' current claims in the pending lawsuit *Black et al. v. Driveline,* including any opt-in plaintiffs who join in Plaintiffs' asserted claims.  I acknowledge that I am, and have been, bound by the revised Terms of Work Acceptance, the Dispute Resolution Agreement and all other policies and documents that I executed/acknowledged through my January 14, 2019 electronic signature on Driveline's online portal.

_Derek Ward_

Derek Ward

Employee ID 1163149

**From:** Hanna, Lauren B.
**Sent:** Wednesday, October 26, 2022 2:46 PM
**To:** josh@sanfordlawfirm.com
**Cc:** colby@sanfordlawfirm.com; Terry, Kathryn D. <kdterry@phillipsmurrah.com>;
laura@sanfordlawfirm.com
**Subject:** RE: Impending Lawsuit Against Driveline

Josh,

If you file a collective action in Illinois or any other venue, we would have no choice but to immediately file a counterclaim seeking punitive damages and sanctions.  Your firm has actual knowledge that every Driveline employee since January 2019 has signed a class and collective action waiver, as part of a broader alternative dispute resolution agreement with Driveline.  In that agreement, each employee has agreed to first present their claim to Driveline for informal resolution of any claimed damages and—only if that is attempt to resolve the claim is unsuccessful—file a request to arbitrate their claim before a neutral arbitrator.  Your firm exchanged written correspondence with our firm in January 2019 about your frustration that every Driveline employee was required to sign alternative dispute resolution agreements as a condition of continued employment.

The clients that you are currently representing are not served at all by such a bad-faith filing, as it will not act to toll any statute of limitations. Such a filing will only incur needlessly-wasteful and excessive attorney fees, court costs, and direct damages to Driveline, which Driveline will attempt to recover in response to any such filed lawsuit.  Any such filing would also be unethical and violate the Rules of Professional Responsibility because you have direct knowledge that your clients' claims are barred from adjudication through the court--you would be improperly using the court system solely as a public marketing campaign for additional clients to financially benefit your firm.

That said, we do not want to go to war with you and waste our clients' time and resources fighting this issue in court.  We both know that each of your clients has a valid and binding collective/class action waiver and a requirement to submit their claims on an individual basis for informal resolution by Driveline and then for formal arbitration through a neutral arbitrator.  We are working with Driveline to collect information about the individuals provided on last week's list.  We are trying to work with Driveline to provide a substantive proposal to you by Friday, November 4th regarding how we might move forward to identify each individual's claims and damages and work to resolve the claims short of going through the lengthy and resource-intensive process of arbitration.  We are trying to work with you on this and provide a substantive path to resolution that is efficient for both your firm and our client.  But we need some additional information to complete this initial step, including some clarification of certain of your clients, as we have identified multiple Driveline employees with the same name as certain of the provided names on last week's list.  We will follow up by tomorrow with the employees for whom we need additional information to clarify their identity.

In glancing at the employment dates of the individuals that we have been able to identify, I can't see any individuals whose statute of limitations for bringing claims for unpaid wages would be exhausted in the next two weeks.   If you have knowledge of any such individuals, please let me know and we can work urgently to ensure that no claims lapse during this period while we diligently work to propose a process by which you are not required to file 103 separate demands for arbitration to toll each of your client's separate wage claim, as required by Driveline's ADR agreement.  We want to work with you, but Driveline will not tolerate a bad-faith filing of a collective action lawsuit and, more importantly, doing so will only poison the well, killing any opportunity to resolve these matters cooperatively.

Please let me know if you would like to discuss any of the above.

Thank you,
Lauren

Lauren Barghols Hanna
Of Counsel

_____
Phillips Murrah P.C.  |  M: 405.235.4100  |  F: 405.235.4133 | Cell:  405.627.8798
phillipsmurrah.com

**From:** Josh Sanford <josh@sanfordlawfirm.com>
**Sent:** Wednesday, October 26, 2022 12:41 PM
**To:** Hanna, Lauren B. <lbhanna@phillipsmurrah.com>
**Cc:** Colby Qualls <colby@sanfordlawfirm.com>; Terry, Kathryn D. <kdterry@phillipsmurrah.com>; Laura Edmondson <laura@sanfordlawfirm.com>
**Subject:** Re: Impending Lawsuit Against Driveline

We were thinking we would just file a case for all of them as a group today in Illinois.  That would act to toll the SOL, we don't have to serve it for 90 days.  We can do all the staying and tolling we might want, etc.  That's very clean and easy to me

Thoughts?



### Josh Sanford
**Managing Attorney, Sanford Law Firm**

800-615-4946 (Main) | 501-904-1656 (Direct)

josh@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

**Little Rock • Birmingham • Chicago • Denver • Omaha • Phoenix • San Antonio • Seattle**

Attorneys admitted in courts in AL • AR • AZ • CO • HI • IL • MI • MO • MS • NC • ND • NE • NM • NY • OH • OK • TN • TX • WA • WI

🏅 **No. 1 Plaintiff Employment Law Firm in the U.S.** 🏅

     

*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.*

On Oct 26, 2022, at 12:37 PM, Hanna, Lauren B. <lbhanna@phillipsmurrah.com> wrote:

Thanks, Colby.

Our client has been working as quickly as possible to pull basic employment information about the individuals. We will be able to get back to you very soon re: the tolling question.

Thanks,
Lauren

Get Outlook for iOS

**From:** Colby Qualls <colby@sanfordlawfirm.com>
**Sent:** Wednesday, October 26, 2022 12:35:53 PM
**To:** Hanna, Lauren B. <lbhanna@phillipsmurrah.com>
**Cc:** Terry, Kathryn D. <kdterry@phillipsmurrah.com>; Josh Sanford <josh@sanfordlawfirm.com>; Laura Edmondson <laura@sanfordlawfirm.com>
**Subject:** Re: Impending Lawsuit Against Driveline

Counsel,

Just reaching out on the status of a potential tolling agreement here. I believe today would count as the 4th business day since we sent our list of clients.

Best,

Colby

### Colby Qualls
**Attorney, Sanford Law Firm**



800-615-4946 (Main) | 501-904-1649 (Direct)

colby@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

**Little Rock • Birmingham • Chicago • Denver • Omaha • Phoenix • San Antonio • Seattle**

Attorneys admitted in courts in AL • AR • AZ • CO • HI • IL • MI • MO • MS • NC • ND • NE • NM • NY • OH • OK • TN • TX • WA • WI

🏅 **No. 1 Plaintiff Employment Law Firm in the U.S.** 🏅

*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.*

On Thu, Oct 20, 2022 at 2:40 PM Colby Qualls <colby@sanfordlawfirm.com> wrote:
Counsel,

Please find attached the list. I'll reach back out by Wednesday if I don't hear from you beforehand.

Best,

Colby

On Thu, Oct 20, 2022 at 11:29 AM Hanna, Lauren B. <lbhanna@phillipsmurrah.com> wrote:

Colby,

Thanks for giving us some time to get back into the office and talk to our client.

As you noted in your first email, every Driveline employee has a signed Driveline ADR agreement that waives their ability to proceed on a collective-action basis, so the correct action under the terms of your clients' agreements with Driveline would be for each of the 103 current and former employees to commence the first step of the arbitration process by sending a full description of all allegedly-unpaid wages to disputeresolution@drivlineretail.com.

But since you have reached out and want to work together on this, we would be happy to consider agreeing to toll the statute of limitations on these potential claims if you would first send us a list of your clients' names.  To protect your clients' interests, we will get back to you within 4 business days as to whether we can agree to toll the statute of limitations and start discussing the next steps.

Thank you,
Lauren

Lauren Barghols Hanna

Of Counsel
<image001.png>

Phillips Murrah P.C.  |  M: 405.235.4100  |  F: 405.235.4133 I Cell:  405.627.8798

phillipsmurrah.com

**From:** Colby Qualls <colby@sanfordlawfirm.com>
**Sent:** Wednesday, October 19, 2022 11:48 AM
**To:** Hanna, Lauren B. <lbhanna@phillipsmurrah.com>

**Cc:** Terry, Kathryn D. <[kdterry@phillipsmurrah.com](mailto:kdterry@phillipsmurrah.com)>; Josh Sanford <[josh@sanfordlawfirm.com](mailto:josh@sanfordlawfirm.com)>
**Subject:** Re: Impending Lawsuit Against Driveline

Good afternoon counsel,

Just following up on this. Have you had a chance to speak to your client? If so, can we agree to tolling for the time being? If not, we will have to proceed with litigation within the next few days.

Best,

Colby

### Colby Qualls

**Attorney, Sanford Law Firm**



800-615-4946 (Main) | 501-904-1649 (Direct)

colby@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

**Little Rock ● Birmingham ● Chicago ● Denver ● Omaha ● Phoenix ● San Antonio ● Seattle**

Attorneys admitted in courts in AL ● AR ● AZ ● CO ● HI ● IL ● MI ● MO ● MS ● NC ● ND ● NE ● NM ● NY ● OH ● OK ● TN ● TX ● WA ● WI

🏅 **No. 1 Plaintiff Employment Law Firm in the U.S.** 🏅

*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.*

On Wed, Oct 12, 2022 at 3:15 PM Colby Qualls <[colby@sanfordlawfirm.com](mailto:colby@sanfordlawfirm.com)> wrote:

Counsel,

Understood. Thanks!


Best,

 Colby


On Wed, Oct 12, 2022 at 1:47 PM Hanna, Lauren B. <lbhanna@phillipsmurrah.com> wrote:

Colby,

 I am out of the office this week for fall break—I will get back to you next week when I have a chance to talk to our client.

Thanks,
Lauren

 Lauren Barghols Hanna

Of Counsel
<image001.png>

Phillips Murrah P.C.  |  M: 405.235.4100 | F: 405.235.4133 I Cell:  405.627.8798

phillipsmurrah.com


**From:** Colby Qualls <colby@sanfordlawfirm.com>
**Sent:** Tuesday, October 11, 2022 10:40 AM
**To:** Hanna, Lauren B. <lbhanna@phillipsmurrah.com>
**Cc:** Terry, Kathryn D. <kdterry@phillipsmurrah.com>; Josh Sanford <josh@sanfordlawfirm.com>
**Subject:** Impending Lawsuit Against Driveline


**CAUTION:** This email originated from outside Phillips Murrah's Email System. DO NOT CLICK on any links or open attachments unless you recognize the sender and know the content is safe.


Counsel,

I hope you are doing well. I'm reaching out to you to let you know that we have contracts to represent approximately 103 or so current and former employees of Driveline. Our intention/strategy is this: we plan to file a multi-plaintiff Complaint in federal district court on behalf of these individuals. Due to the likelihood that most, if not all, of these individuals signed an arbitration agreement with Driveline, and assuming that Driveline enforces these various arbitration agreements, this could potentially lead to a 100 or so different arbitrations against Driveline. Instead of going that route though, we would like to propose a mass mediation to resolve all of these claims. In the meantime, while we discuss the potential of a mass mediation and the related logistics to that, we would need a tolling agreement in place for all of these individuals. If we are unable to agree on tolling in the near future, we will have to proceed with litigation for these individuals.

We realize that you will need to discuss all of this with your Client and that might take some time. However, the statute of limitations is and will continue to run for each of these individuals unless and until we initiate a lawsuit on their behalf. If your Client is willing to agree to a tolling agreement, that will give all of us some breathing room to flesh all of this out and figure out how to proceed.

Best,

Colby

**Colby Qualls**

**Attorney, Sanford Law Firm**

800-615-4946 (Main) | 501-904-1649 (Direct)

colby@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

**Little Rock • Birmingham • Chicago • Denver • Omaha • Phoenix • San Antonio • Seattle**

Attorneys admitted in courts in AL • AR • AZ • CO • HI • IL • MI • MO • MS • NC • ND • NE • NM • NY • OH • OK • TN • TX • WA • WI

🥇 **No. 1 Plaintiff Employment Law Firm in the U.S.** 🥇



*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.*

Driveline Exhibit 5 - Emails Regarding Arbitration Agreement