| | |
|---|---|
| **From:** | Case Filing <CaseFiling@adr.org> |
| **Sent:** | Tuesday, July 25, 2023 7:36 AM |
| **To:** | Zach Bradshaw |
| **Cc:** | Josh Sanford; Arbitration Notifications; Aysha Dixon; Terry, Kathryn D.; Hanna, Lauren B.; Case Filing |
| **Subject:** | RE: Theresa Staten v. Driveline Retail Merchandising, Inc. |

**CAUTION:** This email originated from outside Phillips Murrah's Email System. DO NOT CLICK on any links or open attachments unless you recognize the sender and know the content is safe.

Good morning,

The filing has been assigned to Case Number 01-23-0003-2947.

Our Intake team will reach out upon review of the case regarding payment.

Thank you,
Case Filing



**Case Filing**

American Arbitration Association

T: 877-495-4185
F: 877-304-8457
adr.org | icdr.org | aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Zach Bradshaw <zach@sanfordlawfirm.com>
**Sent:** Friday, July 21, 2023 5:21 PM
**To:** Case Filing <CaseFiling@adr.org>
**Cc:** Josh Sanford <josh@sanfordlawfirm.com>; Arbitration Notifications <arbitrations@sanfordlawfirm.com>; Aysha Dixon <aysha@sanfordlawfirm.com>; kdterry@phillipsmurrah.com; lbhanna@phillipsmurrah.com
**Subject:** Theresa Staten v. Driveline Retail Merchandising, Inc.

*** External E-Mail – Use Caution ***

Dear AAA,

Please find attached a Demand for Arbitration, and an exemplar arbitration agreement, filed on behalf of Theresa Staten. Please send the filing fee payment link to arbitrations@sanfordlawfirm.com. In addition, please be sure to include arbitrations@sanfordlawfirm.com and aysha@sanfordlawfirm.com in all correspondence in this matter.

Thank you,
Zach



**Zach Bradshaw**
Paralegal, Sanford Law Firm

800-615-4946 (Main) | (501) 621-5017 (Direct)

zach@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

Attorneys admitted in courts in AR • CO • IL • MI • MO • ND • NE • NM • OH • OK • TN • TX • WA • WI

 No. 1 Plaintiff Employment Law Firm in the U.S. 

    

This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.



Driveline Exhibit 6 - AAA Emails



retailgis.com



SMARTPROJECT® RETAIL EXECUTION
MANAGEMENT SYSTEM

**Dispute Resolution Agreement**

This Dispute Resolution Agreement ("Agreement") applies to any claims or disputes ("Disputes") arising out of, related to or connected with your application for at-will employment with Driveline Retail Merchandising, Inc. or one of its affiliates, subsidiaries or parent companies ("Driveline"), your at-will employment with Driveline and the termination of your at-will employment, except for claims specifically excluded under the terms of this Agreement. By accepting or continuing employment with Driveline after the Effective Date of this Agreement, you accept this Agreement and agree to follow the requirements for resolving disputes according to the terms in this Agreement, even if you do not electronically sign the Agreement.

This Agreement requires that all such Disputes be resolved only by a neutral arbitrator through final and binding arbitration and not by way of court or jury trial except as otherwise stated in this Agreement. Accordingly:

a) You and Driveline agree to arbitrate any Dispute (including all statutory claims and any state or federal claims) that may arise out of, relate to, or is in connection with your at-will employment with Driveline, including your application for employment and the termination of your at-will employment.

b) You and Driveline also agree to bring any Dispute in arbitration on an individual basis only, and not on a joint, class or collective action basis.

c) Further, you and Driveline agree that there will be no right or authority for any Dispute to be brought, heard or arbitrated as a joint action, class action or collective action.

The arbitration shall be conducted pursuant to the American Arbitration Association's employment arbitration then in effect, before a single arbitrator licensed to practice law in the state in which you are or were employed. A copy of these Rules may be obtained from Driveline's Human Resources Department or at www.adr.org. The parties are entitled to conduct discovery to the fullest extent authorized by applicable law. The arbitration proceeding and all related documents will be confidential, to the fullest extent permitted by applicable law.

Disputes are to be initiated by filing a demand for arbitration within the time limit established by the applicable statute of limitations if the Dispute involves statutory rights. If no statutory rights are involved and to the fullest extent permitted by applicable law, such Disputes must be brought within one (1) year of the day on which you knew, or through reasonable diligence, should have known of the facts giving rise to the Dispute.

Prior to submitting a Dispute to arbitration, you and Driveline agree to first attempt to resolve the Dispute by the party initiating the Dispute notifying the other party in writing of the Dispute and explaining in reasonable detail the grounds for such Dispute; by giving the other party the opportunity to respond in writing to the Dispute within 10 days of receipt of the written notification; and by giving the other party the opportunity to meet and confer. Written notification to Driveline shall be made to disputeresolution@drivelineretail.com. If the Dispute is not resolved in this manner, the Dispute may then proceed to arbitration at the request of either party. The parties agree that the decision of the arbitrator shall be in writing, final and binding. Except for Disputes regarding rights conferred by statute or regulation and to the fullest extent permitted by applicable law, the parties agree that the law of the State of Texas shall apply to all other Disputes. Judgment on any award rendered by an arbitrator may be entered and enforced in any court having jurisdiction thereof, and in states where so required a court of competent jurisdiction must render judgment upon any award subject to this Agreement.

This Agreement does not absolve you from any applicable administrative filing requirements or prevent you from:

a) filing a charge with or seeking relief from the National Labor Relations Board, the U.S. Department of Labor, or the U.S. Equal Employment Opportunity Commission; or

b) filing a claim with similar state agencies if applicable law allows you to do so.

This Agreement does not cover: claims for workers compensation, state disability or unemployment insurance benefits; claims under California Labor Code Private Attorneys General Act of 2004 (PAGA); any criminal complaint or proceeding filed by a governmental agency; claims for restitution or civil penalties owed to employees for



Driveline Exhibit 6 - AAA Emails

submitting a Dispute to arbitration, you and Driveline agree to [attempt to resolve] the Dispute and explaining in reasonable detail the [basis for] terminating the Dispute notifying the other party in writing of the Dispute and giving the other party within 10 [days] of such Dispute, by giving the other party the opportunity to respond in writing to the Dispute and the opportunity to meet and confer. Written [notice] of receipt of the written notification, and by giving the other party the opportunity to disputeresolution@drivelineretail.com. If the Dispute is not resolved in this [manner,] notification to Driveline shall be made to disputeresolution@drivelineretail.com. The parties agree that the [decision] manner, the Dispute may then proceed to arbitration at the request of either party. Except for Disputes regarding rights conferred by [the] decision of the arbitrator shall be in writing, final and binding. Except for Disputes regarding rights conferred by [a] statute or regulation and to the fullest extent permitted by Applicable Law, the parties agree that the law of the State of Texas shall apply to all other Disputes. Judgment on any award rendered by an arbitrator may be entered and enforced in any court having jurisdiction thereof, and in states where so required a court of competent jurisdiction must render judgment upon any award subject to this Agreement.

This Agreement does not absolve you from any applicable administrative filing requirements or prevent you from:

(a) filing a charge with or seeking relief from the National Labor Relations Board, the U.S. Department of Labor, or the U.S. Equal Employment Opportunity Commission; or

(b) filing a claim with similar state agencies if applicable law allows you to do so.

This Agreement does not cover: claims for workers compensation, state disability or unemployment insurance benefits; claims under California Labor Code Private Attorneys General Act of 2004 (PAGA); any criminal complaint or proceeding filed by a governmental agency; claims for restitution or civil penalties owed by an employee for an act for which Driveline sought criminal prosecution; and/or any charges, claims or lawsuits pending as of January 5, 2019 ("Effective Date").

The parties agree that if a party brings an action that asserts only claims or Disputes subject to arbitration under this Agreement, any party thereafter prevailing on a motion to compel arbitration shall be entitled to that party's reasonable costs and attorneys' fees incurred in compelling arbitration. The parties agree that if a party brings an action that includes both claims and Disputes subject to arbitration under this Agreement and claims that by law are not subject to arbitration, all claims that by law are not subject to arbitration shall be stayed until the claims and Disputes subject to arbitration are fully arbitrated and/or otherwise resolved. The parties further agree that in such a situation, the arbitrator's decision on the claims and Disputes subject to arbitration, including determinations of disputed factual and legal issues, shall be dispositive and entitled to full force and effect in a separate or stayed lawsuit on the claims that by law are not subject to arbitration. Any and all disputes regarding the enforceability of this Agreement and/or the scope of claims and Disputes subject hereto are within the exclusive authority of the arbitrator to be appointed pursuant hereto.

For those Disputes subject to arbitration, Driveline shall be responsible for the arbitrator's fees and expenses. Each party shall pay its own costs and attorneys' fees, if any. However, if any party prevails on a claim which under applicable law affords the prevailing party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees and costs, the arbitrator may award reasonable attorneys' fees and costs to the prevailing party. Any dispute as to the reasonableness of any fee or cost shall be resolved by the arbitrator.

The parties acknowledge and agree that Driveline is engaged in transactions involving interstate commerce, that this Agreement is a part of and evidences a transaction involving commerce, and that this Agreement is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. If any specific provision of this Agreement is deemed invalid or unenforceable, the remainder of this Agreement, including the Parties' mutual agreement to waive any right to a jury trial, shall remain binding and enforceable to the full extent permitted by applicable law.

BY ENTERING THE LAST 4 DIGITS OF SOCIAL SECURITY NUMBER BELOW AND CLICKING THE ACCEPT BUTTON BELOW, I ACKNOWLEDGE THAT I HAVE READ AND UNDERSTAND THE TERMS OF WORK AS SET FORTH ABOVE, AND FURTHER ACKNOWLEDGE THAT NONCOMPLIANCE WILL RESULT IN ASSIGNED WORK BEING REASSIGNED AND POSSIBLE FURTHER DISCIPLINARY ACTION.

BY CHECKING THIS BOX, ENTERING THE LAST 4 DIGITS OF MY SOCIAL SECURITY NUMBER BELOW AND CLICKING ON THE ACCEPT BUTTON BELOW, I ACKNOWLEDGE AND UNDERSTAND ALL OF THE TERMS AND CONDITIONS DRIVELINE HAS SET FORTH, AND FURTHER UNDERSTAND THAT NON COMPLIANCE WILL RESULT IN MY WORK BEING REASSIGNED, AND POSSIBLE DISCIPLINARY ACTIONS

ENTER THE LAST 4 DIGITS OF YOUR SOCIAL SECURITY NUMBER TO CONFIRM YOU "ACKNOWLEDGE AND UNDERSTAND ALL OF THE TERMS AND CONDITIONS DRIVELINE HAS SET FORTH, AND FURTHER UNDERSTAND THAT NON COMPLIANCE WILL RESULT IN MY WORK BEING REASSIGNED, AND POSSIBLE DISCIPLINARY ACTIONS"

I ACCEPT



**Driveline** — SMARTPROJECT® RETAIL EXECUTION MANAGEMENT SYSTEM

**TERMS OF WORK ACCEPTANCE**

1. I UNDERSTAND AND AGREE THAT EACH OF THE REQUIREMENTS, TERMS AND CONDITIONS SET FORTH IN THESE TERMS OF WORK ACCEPTANCE (THE "TERMS AND CONDITIONS") ARE ESSENTIAL TERMS FOR THE WORK AND CONDITIONS FOR PAYMENT IN CONNECTION WITH THE WORK.

2. I AGREE TO COMPLETE THE WORK ON OR BY THE SCHEDULE DATE, AS SPECIFIED ABOVE, FOR COMPLETION OF THE WORK ("SCHEDULE DATE").

3. I UNDERSTAND THAT I MUST CONFIRM AND SCHEDULE MY ASSIGNED WORK NO LATER THAN NOON EST ON MONDAY OF EACH WEEK WHENEVER THE WORK IS POSTED BEFORE SUCH DEADLINE, INCLUDING "HARD DATED" PLANS THAT ARE PLAN-SPECIFIC. I FURTHER UNDERSTAND THAT IF I DO NOT CONFIRM THE WORK BY THE MONDAY NOON EST DEADLINE WHENEVER THE WORK IS POSTED BEFORE SUCH DEADLINE, OR FAIL TO COMPLETE THE CONFIRMED WORK ON THE SCHEDULE DATE, DRIVELINE RESERVES THE RIGHT TO REASSIGN THE WORK TO ANOTHER EMPLOYEE.

4. I UNDERSTAND THAT DRIVELINE HAS THE RIGHT TO CHANGE ASSIGNED WORK AT ANY TIME, INCLUDING STORE ASSIGNMENTS, BASED ON BUSINESS NEEDS, CONSISTENT WITH APPLICABLE LAW.

5. I AGREE TO COMPLETE THE WORK WITHIN THE TIME ALLOWED FOR THE WORK, AS SPECIFIED ABOVE. I UNDERSTAND AND AGREE THAT THE TIME ALLOWED FOR THE WORK INCLUDES ADMINISTRATIVE TIME (E.G., PREPARATION FOR ROUTES, COMPLETION OF WORK ORDERS, SUBMISSION OF DIGITAL PHOTOGRAPHS, ETC.) AS WELL AS STORE TIME ("INSTORE TIME"). I FURTHER UNDERSTAND AND AGREE THAT IF ADDITIONAL TIME IS NEEDED TO COMPLETE THE WORK, SUCH ADDITIONAL TIME MUST BE PRE-APPROVED BY MY MANAGER IN WRITING.

6. I AGREE TO TAKE TO THE STORE WHERE THE WORK IS TO BE DONE ALL REQUIRED DOCUMENTS TO COMPLETE THE WORK IN CONFORMANCE WITH DRIVELINE AND CUSTOMER REQUIREMENTS AND SPECIFICATIONS. I FURTHER UNDERSTAND AND AGREE THAT DRIVELINE WILL REIMBURSE ME FOR REQUIRED PRINTING ONLY, AS INDICATED IN THE WORK PLANS, AT A RATE OF 3 CENTS PER PAGE. I FURTHER UNDERSTAND AND AGREE THAT, OTHER THAN AS STATED HEREIN, I WILL NOT BE REIMBURSED FOR THE COST OF ANY OFFICE SUPPLIES USED BY ME IN CONNECTION WITH THE WORK (E.G., PRINTING PAPER, PRINTER TONER, ETC.) AND THAT THESE TYPES OF ADMINISTRATIVE COSTS ARE INCLUDED IN THE TOTAL AMOUNT I AM TO BE PAID AFTER COMPLETION OF THE WORK.

7. TO CONFIRM THAT I HAVE COMPLETED THE WORK, I AGREE TO COMPLETE AND ELECTRONICALLY SUBMIT NO LATER THAN 1:00 AM EST ON THE DATE FOLLOWING THE SCHEDULE DATE DRIVELINE'S "CONFIRMATION OF WORK COMPLETION," A COMPLETED WORK ORDER, ANY REQUIRED DIGITAL PHOTOS AND ANY OTHER ITEMS NECESSARY FOR THE WORK. IN THE EVENT I DO NOT SUBMIT THESE ITEMS TO DRIVELINE BY 1:00 AM EST ON THE DATE FOLLOWING THE SCHEDULE DATE TO CONFIRM THAT THE WORK HAS BEEN COMPLETED AS REQUIRED BY THESE TERMS AND CONDITIONS, THE WORK WILL BE REASSIGNED AND I WILL NOT BE PAID FOR THIS ASSIGNMENT.

8. I UNDERSTAND THAT DRIVELINE ENCOURAGES ME TO COMPLETE AND ELECTRONICALLY SUBMIT THE CONFIRMATION OF WORK COMPLETION AND OTHER REQUIRED ITEMS FROM THE CUSTOMER STORE USING DRIVELINE'S MOBILE APP.

9. I UNDERSTAND AND AGREE THAT PAYMENT FOR THE WORK IS EXPRESSLY CONDITIONED ON (1) COMPLETION OF THE WORK ON OR BY THE SCHEDULE DATE, AND (2) CONFIRMATION THAT I HAVE COMPLETED THE WORK, INCLUDING ELECTRONIC SUBMISSION OF DRIVELINE'S "CONFIRMATION OF WORK COMPLETION," COMPLETED WORK ORDER, ANY REQUIRED DIGITAL PHOTOS AND ANY OTHER ITEMS NECESSARY FOR THE WORK. IF I FAIL, FOR ANY REASON, TO EITHER COMPLETE THE WORK ON OR BY THE SCHEDULE DATE AND/OR FAIL TO CONFIRM THAT I HAVE COMPLETED THE WORK AS REQUIRED BY THESE TERMS AND CONDITIONS, SUCH FAILURE WILL VOID THE ASSIGNMENT AND/OR THE WORK WILL BE DEEMED NOT TO HAVE BEEN PERFORMED.

10. I UNDERSTAND AND AGREE THAT MILEAGE AND DRIVE TIME ("DRIVE TIME") I INCUR IN COMPLETING THE WORK WILL BE CALCULATED THROUGH THE USE OF A ROUTE OPTIMIZATION POWERED BY GOOGLE MAPS/MAP QUEST /OTHER SIMILAR MAPPING SERVICES ("ROUTE OPTIMIZATION"). I FURTHER UNDERSTAND AND AGREE THAT DRIVELINE WILL NOT PAY DRIVE TIME, OR REIMBURSE MILEAGE, FOR NORMAL COMMUTE FROM MY HOME TO THE FIRST STORE ON A GIVEN DAY OR FROM THE LAST STORE TO MY HOME. I FURTHER UNDERSTAND THAT IF THE ROUTE OPTIMIZATION ON A GIVEN DAY SHOWS THAT MY HOME IS LOCATED MORE THAN 30 MILES FROM EITHER THE FIRST STORE OR THE LAST STORE, I WILL BE REIMBURSED FOR MY MILEAGE AND PAID FOR DRIVE TIME INCURRED BEYOND THE FIRST 30 MILES BETWEEN MY HOME AND THE FIRST STORE OR THE LAST STORE, AS APPLICABLE. ANY COMPENSABLE MILEAGE OR DRIVE TIME BETWEEN MY HOME AND EITHER THE FIRST OR LAST STORE WILL BE CALCULATED BY ROUTE OPTIMIZATION.

11. I UNDERSTAND THAT MILEAGE WILL BE REIMBURSED AT A RATE OF 20 CENTS PER MILE (EXCEPT WHERE GOVERNED BY RULE OF LAW), AS CALCULATED BY ROUTE OPTIMIZATION, AND I AGREE THAT THE RATE OF 20 CENTS PER MILE IS SUFFICIENT TO REIMBURSE ME FOR THE VEHICLE EXPENSES ACTUALLY AND NECESSARILY INCURRED BY ME IN COMPLETING THE WORK. I UNDERSTAND AND AGREE THAT I MAY BE PAID FOR MY DRIVE TIME AT A LESSER HOURLY RATE THAN THE REGULAR HOURLY RATE THAT I WILL BE PAID FOR INSTORE TIME. I ALSO UNDERSTAND AND AGREE THAT THE AVERAGE HOURLY RATE FOR ALL ACTUAL TIME SPENT ON A PARTICULAR PROJECT, INCLUDING BOTH INSTORE AND DRIVE TIME, MAY BE LESS THAN THE REGULAR INSTORE HOURLY RATE. I FURTHER UNDERSTAND THAT ANY AMOUNTS PAID TO ME FOR MILEAGE OR DRIVE TIME WILL BE PAID IN COMPLIANCE WITH APPLICABLE FEDERAL AND STATE LAW.

12. I UNDERSTAND THAT I AM REQUIRED TO PERFORM ONLY THOSE SERVICES AS OUTLINED IN THE ASSIGNMENT FOR THE WORK. WHILE I MAY PERFORM SERVICES AT A CUSTOMER LOCATION, I UNDERSTAND THAT I AM TO TAKE DIRECTION FROM MY DRIVELINE MANAGER(S) ONLY. I FURTHER UNDERSTAND IF I PERFORM SERVICES OUTSIDE OF THE SCOPE OF THE WORK, I WILL NOT BE REIMBURSED FOR TIME SPENT ON THESE ACTIVITIES.



7. TO CONFIRM THAT I HAVE COMPLETED THE WORK, I AGREE TO COMPLETE AND ELECTRONICALLY SUBMIT NO LATER THAN 1:00 AM EST ON THE DATE FOLLOWING THE SCHEDULE DATE DRIVELINE'S "CONFIRMATION OF WORK COMPLETION," A COMPLETED WORK ORDER, ANY REQUIRED DIGITAL PHOTOS AND ANY OTHER ITEMS NECESSARY FOR THE WORK. IN THE EVENT I DO NOT SUBMIT THESE ITEMS TO DRIVELINE BY 1:00 AM EST ON THE DATE FOLLOWING THE SCHEDULE DATE TO CONFIRM THAT THE WORK HAS BEEN COMPLETED AS REQUIRED BY THESE TERMS AND CONDITIONS, THE WORK WILL BE REASSIGNED AND I WILL NOT BE PAID FOR THIS ASSIGNMENT.

8. I UNDERSTAND THAT DRIVELINE ENCOURAGES ME TO COMPLETE AND ELECTRONICALLY SUBMIT THE CONFIRMATION OF WORK COMPLETION AND OTHER REQUIRED ITEMS FROM THE CUSTOMER STORE USING DRIVELINE'S MOBILE APP.

9. I UNDERSTAND AND AGREE THAT PAYMENT FOR THE WORK IS EXPRESSLY CONDITIONED ON (1) COMPLETION OF THE WORK ON OR BY THE SCHEDULE DATE, AND (2) CONFIRMATION THAT I HAVE COMPLETED THE WORK, INCLUDING ELECTRONIC SUBMISSION OF DRIVELINE'S "CONFIRMATION OF WORK COMPLETION," COMPLETED WORK ORDER, ANY REQUIRED DIGITAL PHOTOS AND ANY OTHER ITEMS NECESSARY FOR THE WORK. IF I FAIL, FOR ANY REASON, TO EITHER COMPLETE THE WORK ON OR BY THE SCHEDULE DATE AND/OR FAIL TO CONFIRM THAT I HAVE COMPLETED THE WORK AS REQUIRED BY THESE TERMS AND CONDITIONS, SUCH FAILURE WILL VOID THE ASSIGNMENT AND/OR THE WORK WILL BE DEEMED NOT TO HAVE BEEN PERFORMED.

10. I UNDERSTAND AND AGREE THAT MILEAGE AND DRIVE TIME ("DRIVE TIME") I INCUR IN COMPLETING THE WORK WILL BE CALCULATED THROUGH THE USE OF A ROUTE OPTIMIZATION POWERED BY GOOGLE MAPS, MAP QUEST (OTHER SIMILAR MAPPING SERVICES) ("ROUTE OPTIMIZATION"). I FURTHER UNDERSTAND AND AGREE THAT DRIVELINE WILL NOT PAY DRIVE TIME, OR REIMBURSE MILEAGE, FOR NORMAL COMMUTE FROM MY HOME TO THE FIRST STORE ON A GIVEN DAY OR FROM THE LAST STORE TO MY HOME. I FURTHER UNDERSTAND THAT IF THE ROUTE OPTIMIZATION ON A GIVEN DAY SHOWS THAT MY HOME IS LOCATED MORE THAN 30 MILES FROM EITHER THE FIRST STORE OR THE LAST STORE, I WILL BE REIMBURSED FOR MY MILEAGE AND PAID FOR DRIVE TIME INCURRED BEYOND THE FIRST 30 MILES BETWEEN MY HOME AND THE FIRST STORE OR THE LAST STORE, AS APPLICABLE. ANY COMPENSABLE MILEAGE OR DRIVE TIME BETWEEN MY HOME AND EITHER THE FIRST OR LAST STORE WILL BE CALCULATED BY ROUTE OPTIMIZATION.

11. I UNDERSTAND THAT MILEAGE WILL BE REIMBURSED AT A RATE OF 20 CENTS PER MILE (EXCEPT WHERE GOVERNED BY RULE OF LAW), AS CALCULATED BY ROUTE OPTIMIZATION, AND I AGREE THAT THE RATE OF 20 CENTS PER MILE IS SUFFICIENT TO REIMBURSE ME FOR THE VEHICLE EXPENSES ACTUALLY AND NECESSARILY INCURRED BY ME IN COMPLETING THE WORK. I UNDERSTAND AND AGREE THAT I MAY BE PAID FOR MY DRIVE TIME AT A LESSER HOURLY RATE THAN THE REGULAR HOURLY RATE THAT I WILL BE PAID FOR INSTORE TIME. I ALSO UNDERSTAND AND AGREE THAT THE AVERAGE HOURLY RATE FOR ALL ACTUAL TIME SPENT ON A PARTICULAR PROJECT, INCLUDING BOTH INSTORE AND DRIVE TIME, MAY BE LESS THAN THE REGULAR INSTORE HOURLY RATE. I FURTHER UNDERSTAND THAT ANY AMOUNTS PAID TO ME FOR MILEAGE OR DRIVE TIME WILL BE PAID IN COMPLIANCE WITH APPLICABLE FEDERAL AND STATE LAW.

12. I UNDERSTAND THAT I AM REQUIRED TO PERFORM ONLY THOSE SERVICES AS OUTLINED IN THE ASSIGNMENT FOR THE WORK. WHILE I MAY PERFORM SERVICES AT A CUSTOMER LOCATION, I UNDERSTAND THAT I AM TO TAKE DIRECTION FROM MY DRIVELINE MANAGER(S) ONLY. I FURTHER UNDERSTAND IF I PERFORM SERVICES OUTSIDE OF THE SCOPE OF THE WORK, I WILL NOT BE REIMBURSED FOR TIME SPENT ON THESE ACTIVITIES.

13. I UNDERSTAND THAT DRIVELINE IS MONITORING MY PERFORMANCE RELATIVE TO QUALITY OF WORK AND TIMELY COMPLETION/CONFIRMATION OF THE WORK. I FURTHER UNDERSTAND THAT DRIVELINE RESERVES THE RIGHT TO LIMIT MY ACCESS TO AND ASSIGNMENT OF ADDITIONAL WORK BASED ON MY PERFORMANCE IN DRIVELINE'S SOLE DISCRETION.

14. I UNDERSTAND THAT DRIVELINE EMPLOYEES ARE PROHIBITED FROM ACCESSING DRIVELINE'S COMPUTER SYSTEMS (INCLUDING, BUT NOT LIMITED TO, ANY DRIVELINE MOBILE APP) BY USING ANOTHER DRIVELINE EMPLOYEE'S PERSONAL LOG-IN INFORMATION (I.E., LOG-IN NAME/EMAIL ADDRESS, EMPLOYEE PASSWORD, ETC.) FOR ANY PURPOSE INCLUDING, WITHOUT LIMITATION, FOR THE PURPOSE OF REPORTING ANOTHER EMPLOYEE'S COMPLETION OF WORK. I AGREE THAT I WILL NOT ATTEMPT TO ACCESS ANY DRIVELINE COMPUTER SYSTEM OR PROGRAM BY USING ANOTHER EMPLOYEE'S PERSONAL LOG-IN INFORMATION, REGARDLESS OF WHETHER THE OTHER EMPLOYEE HAS CONSENTED TO MY USE OF HIS OR HER LOG-IN INFORMATION. I ALSO AGREE THAT I WILL NOT PROVIDE MY LOG-IN INFORMATION TO ANY OTHER DRIVELINE EMPLOYEE OR REQUEST ANY OTHER PERSON TO ACCESS ANY DRIVELINE COMPUTER SYSTEM OR PROGRAM ON MY BEHALF FOR ANY PURPOSE.

15. I UNDERSTAND THAT BY AGREEING TO PERFORM WORK FOR, AND/OR CONTINUING EMPLOYMENT WITH, DRIVELINE, I ACCEPT AND AGREE TO COMPLY WITH THE DRIVELINE DISPUTE RESOLUTION AGREEMENT, WHICH REQUIRES MANDATORY ARBITRATION OF ANY DISPUTE COVERED BY THE DISPUTE RESOLUTION AGREEMENT. I FURTHER ACKNOWLEDGE AND AGREE THAT I HAVE RECEIVED A COPY OF THE DRIVELINE DISPUTE RESOLUTION AGREEMENT.

BY ENTERING THE LAST 4 DIGITS OF SOCIAL SECURITY NUMBER BELOW AND CLICKING THE ACCEPT BUTTON BELOW, I ACKNOWLEDGE THAT I HAVE READ AND UNDERSTAND THE TERMS OF WORK AS SET FORTH ABOVE, AND FURTHER ACKNOWLEDGE THAT NONCOMPLIANCE WILL RESULT IN ASSIGNED WORK BEING REASSIGNED AND POSSIBLE FURTHER DISCIPLINARY ACTION.

BY CHECKING THIS BOX, ENTERING THE LAST 4 DIGITS OF MY SOCIAL SECURITY NUMBER BELOW AND CLICKING ON THE ACCEPT BUTTON BELOW, I ACKNOWLEDGE AND UNDERSTAND ALL OF THE TERMS AND CONDITIONS DRIVELINE HAS SET FORTH, AND FURTHER UNDERSTAND THAT NON COMPLIANCE WILL RESULT IN MY WORK BEING REASSIGNED, AND POSSIBLE DISCIPLINARY ACTIONS.

ENTER THE LAST 4 DIGITS OF YOUR SOCIAL SECURITY NUMBER TO CONFIRM YOU ACKNOWLEDGE AND UNDERSTAND ALL OF THE TERMS AND CONDITIONS DRIVELINE HAS SET FORTH, AND FURTHER UNDERSTAND THAT NON COMPLIANCE WILL RESULT IN MY WORK BEING REASSIGNED, AND POSSIBLE DISCIPLINARY ACTIONS.

I ACCEPT THESE TERMS AND CONDITIONS

Driveline Exhibit 6 - AAA Emails

| | |
|---|---|
| **From:** | Case Filing <CaseFiling@adr.org> |
| **Sent:** | Tuesday, July 25, 2023 7:31 AM |
| **To:** | Zach Bradshaw |
| **Cc:** | Josh Sanford; Arbitration Notifications; Aysha Dixon; Terry, Kathryn D.; Hanna, Lauren B.; Case Filing |
| **Subject:** | RE: Dana Taylor v. Driveline Retail Merchandising, Inc. |

**CAUTION:** This email originated from outside Phillips Murrah's Email System. DO NOT CLICK on any links or open attachments unless you recognize the sender and know the content is safe.

Good morning,

The filing has been assigned to case number 01-23-0003-2946.

Our Intake team will reach out upon review of the case regarding payment.

Thank you,
Case Filing



**Case Filing**

American Arbitration Association

T: 877-495-4185
F: 877-304-8457
adr.org | icdr.org | aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Zach Bradshaw <zach@sanfordlawfirm.com>
**Sent:** Friday, July 21, 2023 5:18 PM
**To:** Case Filing <CaseFiling@adr.org>
**Cc:** Josh Sanford <josh@sanfordlawfirm.com>; Arbitration Notifications <arbitrations@sanfordlawfirm.com>; Aysha Dixon <aysha@sanfordlawfirm.com>; kdterry@phillipsmurrah.com; lbhanna@phillipsmurrah.com
**Subject:** Dana Taylor v. Driveline Retail Merchandising, Inc.

*** External E-Mail – Use Caution ***

Dear AAA,

Please find attached a Demand for Arbitration, and an exemplar arbitration agreement, filed on behalf of Jennifer Napier. Please send the filing fee payment link to arbitrations@sanfordlawfirm.com. In addition, please be sure to include arbitrations@sanfordlawfirm.com and aysha@sanfordlawfirm.com in all correspondence in this matter.

1

Thank you,
Zach



**Zach Bradshaw**
Paralegal, Sanford Law Firm

800-615-4946 (Main) | (501) 621-5017  (Direct)

zach@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

Attorneys admitted in courts in AR • CO • IL • MI • MO • ND • NE • NM • OH • OK • TN • TX • WA • WI

🏅 No. 1 Plaintiff Employment Law Firm in the U.S. 🏅

    

*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.*

| | |
|---|---|
| From: | Zach Bradshaw <zach@sanfordlawfirm.com> |
| Sent: | Friday, July 21, 2023 4:22 PM |
| To: | casefiling@adr.org |
| Cc: | Josh Sanford; Arbitration Notifications; Aysha Dixon; Terry, Kathryn D.; Hanna, Lauren B. |
| Subject: | Re: Dana Taylor v. Driveline Retail Merchandising, Inc. |

**CAUTION:** This email originated from outside Phillips Murrah's Email System. DO NOT CLICK on any links or open attachments unless you recognize the sender and know the content is safe.

I apologize. This is being filed on behalf of Dana Taylor.

Thank you,
Zach



**Zach Bradshaw**
Paralegal, Sanford Law Firm

800-615-4946 (Main) | (501) 621-5017 (Direct)

zach@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

Attorneys admitted in courts in AR • CO • IL • MI • MO • ND • NE • NM • OH • OK • TN • TX • WA • WI

🏆 **No. 1 Plaintiff Employment Law Firm in the U.S.** 🏆

      

*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.*

On Fri, Jul 21, 2023 at 4:18 PM Zach Bradshaw <zach@sanfordlawfirm.com> wrote:

Dear AAA,

Please find attached a Demand for Arbitration, and an exemplar arbitration agreement, filed on behalf of Jennifer Napier. Please send the filing fee payment link to arbitrations@sanfordlawfirm.com. In addition, please be sure to include arbitrations@sanfordlawfirm.com and aysha@sanfordlawfirm.com in all correspondence in this matter.

Thank you,
Zach

1



2





retailgis.com 



SMARTPROJECT® RETAIL EXECUTION MANAGEMENT SYSTEM

**Dispute Resolution Agreement**

This Dispute Resolution Agreement ("Agreement") applies to any claims or disputes ("Disputes") arising out of, related to or connected with your application for at-will employment with Driveline Retail Merchandising, Inc. or one of its affiliates, subsidiaries or parent companies ("Driveline"), your at-will employment with Driveline and the termination of your at-will employment, except for claims specifically excluded under the terms of this Agreement. By accepting or continuing employment with Driveline after the Effective Date of this Agreement, you accept this Agreement and agree to follow the requirements for resolving disputes according to the terms in this Agreement, even if you do not electronically sign the Agreement.

This Agreement requires that all such Disputes be resolved only by a neutral arbitrator through final and binding arbitration and not by way of court or jury trial except as otherwise stated in this Agreement. Accordingly:

a) You and Driveline agree to arbitrate any Dispute (including all statutory claims and any state or federal claims) that may arise out of, relate to, or is in connection with your at-will employment with Driveline, including your application for employment and the termination of your at-will employment.

b) You and Driveline also agree to bring any Dispute in arbitration on an individual basis only, and not on a joint, class or collective action basis.

c) Further, you and Driveline agree that there will be no right or authority for any Dispute to be brought, heard or arbitrated as a joint action, class action or collective action.

The arbitration shall be conducted pursuant to the American Arbitration Association's employment arbitration then in effect, before a single arbitrator licensed to practice law in the state in which you are or were employed. A copy of these Rules may be obtained from Driveline's Human Resources Department or at www.adr.org. The parties are entitled to conduct discovery to the fullest extent authorized by applicable law. The arbitration proceeding and all related documents will be confidential, to the fullest extent permitted by applicable law.

Disputes are to be initiated by filing a demand for arbitration within the time limit established by the applicable statute of limitations if the Dispute involves statutory rights. If no statutory rights are involved and to the fullest extent permitted by applicable law, such Disputes must be brought within one (1) year of the day on which you knew, or through reasonable diligence, should have known of the facts giving rise to the Dispute.

Prior to submitting a Dispute to arbitration, you and Driveline agree to first attempt to resolve the Dispute by the party initiating the Dispute notifying the other party in writing of the Dispute and explaining in reasonable detail the grounds for such Dispute; by giving the other party the opportunity to respond in writing to the Dispute within 10 days of receipt of the written notification; and by giving the other party the opportunity to meet and confer. Written notification to Driveline shall be made to disputeresolution@drivelineretail.com. If the Dispute is not resolved in this manner, the Dispute may then proceed to arbitration at the request of either party. The parties agree that the decision of the arbitrator shall be in writing, final and binding. Except for Disputes regarding rights conferred by statute or regulation and to the fullest extent permitted by applicable law, the parties agree that the law of the State of Texas shall apply to all other Disputes. Judgment on any award rendered by an arbitrator may be entered and enforced in any court having jurisdiction thereof, and in states where so required a court of competent jurisdiction must render judgment upon any award subject to this Agreement.

This Agreement does not absolve you from any applicable administrative filing requirements or prevent you from:

a) Filing a charge with or seeking relief from the National Labor Relations Board, the U.S. Department of Labor, or the U.S. Equal Employment Opportunity Commission; or

b) Filing a claim with similar state agencies if applicable law allows you to do so.

This Agreement does not cover: claims for workers compensation, state disability or unemployment insurance benefits; claims under California Labor Code Private Attorneys General Act of 2004 (PAGA); any criminal complaint or proceeding filed by a governmental agency; claims for restitution or civil penalties owed to employees for

Driveline Exhibit 6 - AAA Emails

submitting a Dispute to arbitration, you and Driveline agree to attempt to resolve the Dispute and explaining in reasonable detail the basis for the Dispute notifying the other party in writing of the Dispute and explaining in writing to the Dispute within 10 days of receipt of the written notification; and by giving the other party the opportunity to meet and confer. Written notification to Driveline shall be made to disputeresolution@drivelinerental.com. If the Dispute is not resolved in this manner, the Dispute may then proceed to arbitration at the request of either party. The parties agree that the decision of the arbitrator shall be in writing, final and binding. Except for Disputes regarding rights conferred by statute or regulation and to the fullest extent permitted by Applicable law, the parties agree that the law of the State of Texas shall apply to all other Disputes. Judgment on any award rendered by an arbitrator may be entered and enforced in any court having jurisdiction thereof, and in states where so required a court of competent jurisdiction must render judgment upon any award subject to this Agreement.

This Agreement does not absolve you from any applicable administrative filing requirements or prevent you from:

a) filing a charge with or seeking relief from the National Labor Relations Board, the U.S. Department of Labor, or the U.S. Equal Employment Opportunity Commission; or

b) filing a claim with similar state agencies if applicable law allows you to do so.

This Agreement does not cover: claims for workers compensation, state disability or unemployment insurance benefits; claims under California Labor Code Private Attorneys General Act of 2004 (PAGA); any criminal complaint or proceeding filed by a governmental agency; claims for restitution or civil penalties owed by an employee for an act for which Driveline sought criminal prosecution; and/or any charges, claims or lawsuits pending as of January 5, 2019 ("Effective Date").

The parties agree that if a party brings an action that asserts only claims or Disputes subject to arbitration under this Agreement, any party thereafter prevailing on a motion to compel arbitration shall be entitled to that party's reasonable costs and attorneys' fees incurred in compelling arbitration. The parties agree that if a party brings an action that includes both claims and Disputes subject to arbitration under this Agreement and claims that by law are not subject to arbitration, all claims that by law are not subject to arbitration shall be stayed until the claims and Disputes subject to arbitration are fully arbitrated and/or otherwise resolved. The parties further agree that in such a situation, the arbitrator's decision on the claims and Disputes subject to arbitration, including determination of disputed factual and legal issues, shall be dispositive and entitled to full force and effect in a separate or stayed lawsuit on the claims that by law are not subject to arbitration. Any and all disputes regarding the enforceability of this Agreement and/or the scope of claims and Disputes subject hereto are within the exclusive authority of the arbitrator to be appointed pursuant hereto.

For those Disputes subject to arbitration, Driveline shall be responsible for the arbitrator's fees and expenses. Each party shall pay its own costs and attorneys' fees, if any. However, if any party prevails on a claim which under applicable law affords the prevailing party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees and costs, the arbitrator may award reasonable attorneys' fees and costs to the prevailing party. Any dispute as to the reasonableness of any fee or cost shall be resolved by the arbitrator.

The parties acknowledge and agree that Driveline is engaged in transactions involving interstate commerce, that this Agreement is a part of and evidences a transaction involving commerce, and that this Agreement is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. If any specific provision of this Agreement is deemed invalid or unenforceable, the remainder of this Agreement, including the Parties' mutual agreement to waive any right to a jury trial, shall remain binding and enforceable to the full extent permitted by applicable law.

BY ENTERING THE LAST 4 DIGITS OF SOCIAL SECURITY NUMBER BELOW AND CLICKING THE ACCEPT BUTTON BELOW, I ACKNOWLEDGE THAT I HAVE READ AND UNDERSTAND THE TERMS OF WORK AS SET FORTH ABOVE, AND FURTHER ACKNOWLEDGE THAT NONCOMPLIANCE WILL RESULT IN ASSIGNED WORK BEING REASSIGNED AND POSSIBLE FURTHER DISCIPLINARY ACTION.

BY CHECKING THIS BOX, ENTERING THE LAST 4 DIGITS OF MY SOCIAL SECURITY NUMBER BELOW AND CLICKING ON THE ACCEPT BUTTON BELOW, I ACKNOWLEDGE AND UNDERSTAND ALL OF THE TERMS AND CONDITIONS DRIVELINE HAS SET FORTH, AND FURTHER UNDERSTAND THAT NON COMPLIANCE WILL RESULT IN MY WORK BEING REASSIGNED, AND POSSIBLE DISCIPLINARY ACTIONS

ENTER THE LAST 4 DIGITS OF YOUR SOCIAL SECURITY NUMBER TO CONFIRM YOU "ACKNOWLEDGE AND UNDERSTAND ALL OF" THE TERMS AND CONDITIONS DRIVELINE HAS SET FORTH, AND FURTHER UNDERSTAND THAT NON COMPLIANCE WILL RESULT IN MY WORK BEING REASSIGNED, AND POSSIBLE DISCIPLINARY ACTIONS"

I ACCEPT



Driveline Exhibit 6 - AAA Emails



7. TO CONFIRM THAT I HAVE COMPLETED THE WORK, I AGREE TO COMPLETE AND ELECTRONICALLY SUBMIT NO LATER THAN 1:00 AM EST ON THE DATE FOLLOWING THE SCHEDULE DATE DRIVELINE'S "CONFIRMATION OF WORK COMPLETION," A COMPLETED WORK ORDER, ANY REQUIRED DIGITAL PHOTOS AND ANY OTHER ITEMS NECESSARY FOR THE WORK. IN THE EVENT I DO NOT SUBMIT THESE ITEMS TO DRIVELINE BY 1:00 AM EST ON THE DATE FOLLOWING THE SCHEDULE DATE TO CONFIRM THAT THE WORK HAS BEEN COMPLETED AS REQUIRED BY THESE TERMS AND CONDITIONS, THE WORK WILL BE REASSIGNED AND I WILL NOT BE PAID FOR THIS ASSIGNMENT.

8. I UNDERSTAND THAT DRIVELINE ENCOURAGES ME TO COMPLETE AND ELECTRONICALLY SUBMIT THE CONFIRMATION OF WORK COMPLETION AND OTHER REQUIRED ITEMS FROM THE CUSTOMER STORE USING DRIVELINE'S MOBILE APP.

9. I UNDERSTAND AND AGREE THAT PAYMENT FOR THE WORK IS EXPRESSLY CONDITIONED ON (1) COMPLETION OF THE WORK ON OR BY THE SCHEDULE DATE, AND (2) CONFIRMATION THAT I HAVE COMPLETED THE WORK, INCLUDING ELECTRONIC SUBMISSION OF DRIVELINE'S "CONFIRMATION OF WORK COMPLETION," COMPLETED WORK ORDER, ANY REQUIRED DIGITAL PHOTOS AND ANY OTHER ITEMS NECESSARY FOR THE WORK. IF I FAIL, FOR ANY REASON, TO EITHER COMPLETE THE WORK ON OR BY THE SCHEDULE DATE AND/OR FAIL TO CONFIRM THAT I HAVE COMPLETED THE WORK AS REQUIRED BY THESE TERMS AND CONDITIONS, SUCH FAILURE WILL VOID THE ASSIGNMENT AND/OR THE WORK WILL BE DEEMED NOT TO HAVE BEEN PERFORMED.

10. I UNDERSTAND AND AGREE THAT MILEAGE AND DRIVE TIME ("DRIVE TIME") I INCUR IN COMPLETING THE WORK WILL BE CALCULATED THROUGH THE USE OF A ROUTE OPTIMIZATION POWERED BY GOOGLE MAPS, MAP QUEST (OTHER SIMILAR MAPPING SERVICES ("ROUTE OPTIMIZATION"). I FURTHER UNDERSTAND AND AGREE THAT DRIVELINE WILL NOT PAY DRIVE TIME, OR REIMBURSE MILEAGE, FOR NORMAL COMMUTE FROM MY HOME TO THE FIRST STORE ON A GIVEN DAY OR FROM THE LAST STORE TO MY HOME. I FURTHER UNDERSTAND THAT IF THE ROUTE OPTIMIZATION ON A GIVEN DAY SHOWS THAT MY HOME IS LOCATED MORE THAN 30 MILES FROM EITHER THE FIRST STORE OR THE LAST STORE, I WILL BE REIMBURSED FOR MY MILEAGE AND PAID FOR DRIVE TIME INCURRED BEYOND THE FIRST 30 MILES BETWEEN MY HOME AND THE FIRST STORE OR THE LAST STORE, AS APPLICABLE. ANY COMPENSABLE MILEAGE OR DRIVE TIME BETWEEN MY HOME AND EITHER THE FIRST OR LAST STORE WILL BE CALCULATED BY ROUTE OPTIMIZATION.

11. I UNDERSTAND THAT MILEAGE WILL BE REIMBURSED AT A RATE OF 20 CENTS PER MILE (EXCEPT WHERE GOVERNED BY RULE OF LAW), AS CALCULATED BY ROUTE OPTIMIZATION, AND I AGREE THAT THE RATE OF 20 CENTS PER MILE IS SUFFICIENT TO REIMBURSE ME FOR THE VEHICLE EXPENSES ACTUALLY AND NECESSARILY INCURRED BY ME IN COMPLETING THE WORK. I UNDERSTAND AND AGREE THAT I MAY BE PAID FOR MY DRIVE TIME AT A LESSER HOURLY RATE THAN THE REGULAR HOURLY RATE THAT I WILL BE PAID FOR INSTORE TIME. I ALSO UNDERSTAND AND AGREE THAT THE AVERAGE HOURLY RATE FOR ALL ACTUAL TIME SPENT ON A PARTICULAR PROJECT, INCLUDING BOTH INSTORE AND DRIVE TIME, MAY BE LESS THAN THE REGULAR INSTORE HOURLY RATE. I FURTHER UNDERSTAND THAT ANY AMOUNTS PAID TO ME FOR MILEAGE OR DRIVE TIME WILL BE PAID IN COMPLIANCE WITH APPLICABLE FEDERAL AND STATE LAW.

12. I UNDERSTAND THAT I AM REQUIRED TO PERFORM ONLY THOSE SERVICES AS OUTLINED IN THE ASSIGNMENT FOR THE WORK. WHILE I MAY PERFORM SERVICES AT A CUSTOMER LOCATION, I UNDERSTAND THAT I AM TO TAKE DIRECTION FROM MY DRIVELINE MANAGER(S) ONLY. I FURTHER UNDERSTAND IF I PERFORM SERVICES OUTSIDE OF THE SCOPE OF THE WORK, I WILL NOT BE REIMBURSED FOR TIME SPENT ON THESE ACTIVITIES.

13. I UNDERSTAND THAT DRIVELINE IS MONITORING MY PERFORMANCE RELATIVE TO QUALITY OF WORK AND TIMELY COMPLETION/CONFIRMATION OF THE WORK. I FURTHER UNDERSTAND THAT DRIVELINE RESERVES THE RIGHT TO LIMIT MY ACCESS TO AND ASSIGNMENT OF ADDITIONAL WORK BASED ON MY PERFORMANCE IN DRIVELINE'S SOLE DISCRETION.

14. I UNDERSTAND THAT DRIVELINE EMPLOYEES ARE PROHIBITED FROM ACCESSING DRIVELINE'S COMPUTER SYSTEMS (INCLUDING, BUT NOT LIMITED TO, ANY DRIVELINE MOBILE APP) BY USING ANOTHER DRIVELINE EMPLOYEE'S PERSONAL LOG-IN INFORMATION (I.E., LOG-IN NAME/EMAIL ADDRESS, EMPLOYEE PASSWORD, ETC.) FOR ANY PURPOSE INCLUDING, WITHOUT LIMITATION, FOR THE PURPOSE OF REPORTING ANOTHER EMPLOYEE'S COMPLETION OF WORK. I AGREE THAT I WILL NOT ATTEMPT TO ACCESS ANY DRIVELINE COMPUTER SYSTEM OR PROGRAM BY USING ANOTHER EMPLOYEE'S PERSONAL LOG-IN INFORMATION, REGARDLESS OF WHETHER THE OTHER EMPLOYEE HAS CONSENTED TO MY USE OF HIS OR HER LOG-IN INFORMATION. I ALSO AGREE THAT I WILL NOT PROVIDE MY LOG-IN INFORMATION TO ANY OTHER DRIVELINE EMPLOYEE OR REQUEST ANY OTHER PERSON TO ACCESS ANY DRIVELINE COMPUTER SYSTEM OR PROGRAM ON MY BEHALF FOR ANY PURPOSE.

15. I UNDERSTAND THAT BY AGREEING TO PERFORM WORK FOR, AND/OR CONTINUING EMPLOYMENT WITH, DRIVELINE, I ACCEPT AND AGREE TO COMPLY WITH THE DRIVELINE DISPUTE RESOLUTION AGREEMENT, WHICH REQUIRES MANDATORY ARBITRATION OF ANY DISPUTE COVERED BY THE DISPUTE RESOLUTION AGREEMENT. I FURTHER ACKNOWLEDGE AND AGREE THAT I HAVE RECEIVED A COPY OF THE DRIVELINE DISPUTE RESOLUTION AGREEMENT.

BY ENTERING THE LAST 4 DIGITS OF SOCIAL SECURITY NUMBER BELOW AND CLICKING THE ACCEPT BUTTON BELOW, I ACKNOWLEDGE THAT I HAVE READ AND UNDERSTAND THE TERMS OF WORK AS SET FORTH ABOVE, AND FURTHER ACKNOWLEDGE THAT NONCOMPLIANCE WILL RESULT IN ASSIGNED WORK BEING REASSIGNED AND POSSIBLE FURTHER DISCIPLINARY ACTION.

BY CHECKING THIS BOX, ENTERING THE LAST 4 DIGITS OF MY SOCIAL SECURITY NUMBER BELOW AND CLICKING ON THE ACCEPT BUTTON BELOW, I ACKNOWLEDGE AND UNDERSTAND ALL OF THE TERMS AND CONDITIONS DRIVELINE HAS SET FORTH, AND FURTHER UNDERSTAND THAT NON COMPLIANCE WILL RESULT IN MY WORK BEING REASSIGNED, AND POSSIBLE DISCIPLINARY ACTIONS.

ENTER THE LAST 4 DIGITS OF YOUR SOCIAL SECURITY NUMBER TO CONFIRM YOU ACKNOWLEDGE AND UNDERSTAND ALL OF THE TERMS AND CONDITIONS DRIVELINE HAS SET FORTH, AND FURTHER UNDERSTAND THAT NON COMPLIANCE WILL RESULT IN MY WORK BEING REASSIGNED, AND POSSIBLE DISCIPLINARY ACTIONS.

I ACCEPT THESE TERMS AND CONDITIONS

Driveline Exhibit 6 - AAA Emails