IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

**KIERSTEN BECK, et al., Each Individually and**     **PLAINTIFFS**
**on Behalf of All Others Similarly Situated**

vs.     No. 3:23-cv-3282-CRL-KLM

**DRIVELINE RETAIL MERCHANDISING, INC.**     **DEFENDANT**

## RESPONSE TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

Plaintiffs do not oppose arbitrating the claims for which Defendant has shown there to be a valid arbitration agreement. Given the historical evidence regarding Defendant's reluctance to provide any sort of tolling arrangement on Plaintiffs' claims, Plaintiffs respectfully request that the Court stay, rather than dismiss, this case, pending the completion of arbitration in order to ensure each Plaintiff's claims are preserved to the fullest extent possible.

Defendant feigns righteous indignation regarding Plaintiffs' decision to file this lawsuit, but it was Defendant's own failure and refusal to abide by the terms of the Parties' litigation avoidance agreement that finally necessitated the filing of this action. *See* Emails, ECF No. 7-19, p. 19–25. While Defendant sat on its hands regarding tolling, Plaintiffs' claims not only approached the statute of limitations, but also lost damages in each week that past,[1] absent the agreement from Defendant to toll the statute of limitations. Plaintiffs' counsel has an ethical responsibility to zealously pursue

---

[1] Accordingly, Defendant has a strong incentive to drag its feet as long as possible with respect to tolling.

Page 1 of 4
**Kiersten Beck, et al. v. Driveline Retail Merchandising, Inc.**
**U.S.D.C. (C.D. Ill.) Case No. 3:23-cv-3282-CRL-KLM**
**Response to Defendant's Motion to Compel Arbitration**

Plaintiffs' claims, even in the face of inconveniencing Defendant, and so preserved Plaintiffs' claims through the only mechanism available at the time.

Proving the existence of a valid arbitration agreement is wholly and unquestionably the burden of the employer, and Plaintiffs object to Defendant's attempts to foist that burden onto Plaintiffs. *See Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1050 (7th Cir. 2020) ("The ['liberal federal policy favoring arbitration agreements'] does not require courts to simply take an employer at its word when it says certain employees entered valid arbitration agreements.") (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Accordingly, regardless of Defendant's certainty that each Plaintiff signed an arbitration agreement, Defendant has failed to show that 25 Plaintiffs agreed to arbitrate, and the following Plaintiffs' claims must proceed in this Court until *Defendant* proves the existence of a valid agreement to arbitrate:

| | | |
|---|---|---|
| Amanda Mechelle Brewer | Christine Lynn | Roberto Rivera[2] |
| Nita Clark | Linda Moore | Jennifer Rodgers |
| Larry Davis | Lisa Morgan | Ashley Tatrow Saylors |
| Shellie Dawn | John T. Morrison | Linda Taylor |
| Brittany Dummitt | Mary Orr | Barb Terrel |
| Carissa Fuselier | Lloyd Payton | Anna Grub Waack |
| Kayla James | Melleta Upson Plotts | Kayla Nicole Williams |
| Christi Lea | Kristy Ray | Anna Mitchell Yancy |
| Cheri Lueke | | |

---

[2] The agreement Defendant provided for Mr. Rivera did not include the arbitration terms.

Page 2 of 4
**Kiersten Beck, et al. v. Driveline Retail Merchandising, Inc.**
**U.S.D.C. (C.D. Ill.) Case No. 3:23-cv-3282-CRL-KLM**
**Response to Defendant's Motion to Compel Arbitration**

In view of all of the above, this Court should stay this action as to all but the identified Plaintiffs above, and compel the Parties to arbitration on the other claims, while holding Defendant accountable to actually comply with its own expressed desire to arbitrate the claims by requiring the regular filing of independent status reports by each party, and addressing any failure by Defendant to participate in arbitration with telephonic conferences before this Honorable Court.

        Respectfully submitted,

        **KIERSTEN BECK, et al., Each Individually and on behalf of All Others Similarly Situated, PLAINTIFFS**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 500
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

        */s/ Josh Sanford*
        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com

Page 3 of 4
Kiersten Beck, et al. v. Driveline Retail Merchandising, Inc.
U.S.D.C. (C.D. Ill.) Case No. 3:23-cv-3282-CRL-KLM
Response to Defendant's Motion to Compel Arbitration

## CERTIFICATE OF SERVICE

 I, Josh Sanford, hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing RESPONSE was electronically filed via the CM/ECF system, which will provide notice to the following attorneys of record:

Kathryn D. Terry, Esq.
Lauren Barghols Hanna, Esq.
PHILLIPS MURRAH P.C.
101 North Robinson Avenue, Suite 1300
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
kdterry@phillipsmurrah.com
lbhanna@phillipsmurrah.com

Denies Baker-Seal, Esq.
BROWN & JAMES, P.C.
Richland Plaza I
525 West Main Street, Suite 200
Belleville, Illinois 62220-1547
Telephone: (618) 235-5590
Facsimile: (618) 235-5591
dseal@bjpc.com

              */s/ Josh Sanford*
              **Josh Sanford**

Page 4 of 4
Kiersten Beck, et al. v. Driveline Retail Merchandising, Inc.
U.S.D.C. (C.D. Ill.) Case No. 3:23-cv-3282-CRL-KLM
Response to Defendant's Motion to Compel Arbitration