E-FILED
Friday, 30 August, 2024  01:47:41 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KIERSTEN BECK, et al., Each Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 23-cv-3282 |
| DRIVELINE RETAIL MERCHANDISING, INC., | ) ) ) | |
| Defendant. | ) ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court are Defendant Driveline Retail Merchandising, Inc.'s Motion to Compel Arbitration (Doc. 7) and Supplemental Motion to Compel Arbitration (Doc. 8).

## I.    BACKGROUND

In their Amended Complaint, Plaintiffs have filed a collective action against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the minimum wage and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the payment provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA") (Doc. 3 at 3-4). The amended complaint lists 149 named Plaintiffs.

Plaintiffs allege Defendant owns and operates a retail merchandising agency that conducts business throughout the United States. (Doc. 3 at 17). At all relevant times, Plaintiffs have been entitled to the rights, protections, and benefits provided under the

FLSA and IMWL. Plaintiffs were employed by Defendants as merchandisers, master merchandisers, filed associates, and filed merchandisers. (*Id.* at 18). Plaintiffs' work entailed traveling to various retail stores using Defendant's services and setting up product displays within the stores. (*Id.*)

Plaintiffs in their amended complaint seek regular wage and overtime premiums for all hours worked more than 40 in any week, liquidated damages, and attorney's fees and costs. (*Id.* at 23). Plaintiffs also seek a declaratory judgment that Defendant's practices violate the FLSA, the IMWL, the IWPCA, and their related regulations. (*Id.* at 31). They further request certification of a collective action of all individuals similarly situated under Section 216 of the FLSA. (*Id.*)

Defendant asks the Court to order the arbitration of all claims. Plaintiffs represent that they have no opposition to arbitrating claims for which Defendant has shown that a valid arbitration agreement exists.

## II.  DISCUSSION

Section 4 of the Federal Arbitration Act ("FAA") permits "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Arbitration agreements generally "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

The FAA was enacted in 1925 and was designed to replace the hostility of courts to the enforcement of arbitration agreements with a "liberal policy favoring arbitration." *Wallace v. Grubhub Holdings, Inc.*, 970 F.3d 798, 799-800 (7th Cir. 2020). Under the FAA, unless the parties have provided otherwise, federal courts determine whether a dispute is one that the parties intended to arbitrate. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). "[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999). In determining whether the parties agreed to arbitrate their claims, a court looks at the intent of the parties at the time the contract was executed. *Am. United Logistics, Inc. v. Catellus Development Corp.*, 319 F.3d 921, 929 (7th Cir. 2003). Arbitration agreements must be treated like other contracts and are rigorously enforced according to their terms. *Johnson v. Mitek Sys. Inc.*, 55 F.4th 1122, 1124 (7th Cir. 2022); *Wallace*, 970 F.3d at 800. "Courts cannot disfavor arbitration, compared with other agreements, but neither may courts jigger the rules to promote arbitration." *Id.*

According to the Declaration of Lori Bennett, the Chief Financial Officer and Chief Human Capital Officer for Defendant, since January 4, 2019, Defendant has required every employee to accept Defendant's Dispute Resolution Agreement ("Arbitration Agreement") as an express condition of beginning employment or continued employment with Defendant. (Doc. 7-1 at 2). Defendant also attaches as an exhibit the Arbitration Agreement, which provides in relevant part: "By accepting or continuing employment with Driveline after the Effective Date of this Agreement, you accept this Agreement and agree to follow the requirements for resolving disputes according to the

terms in this Agreement, even if you do not electronically sign the Agreement." (Doc. 7-2 at 1).

Defendant alleges the Arbitration Agreement binds each Plaintiff, all of whom assented to the agreement, thereby forming a contract. Defendant has submitted as an exhibit the Arbitration Agreements of most of the named Plaintiffs that Defendant has been able to conclusively identify as current or former employees. Initially, there were 22 Plaintiffs that Defendant has not specifically identified as an employee or former employee. That is likely because the employee's name has changed (typically because of a marriage or divorce) or because the name is shared by two or more employees. Defendant contends Plaintiffs' FLSA and Illinois Wage Claims against Defendant fall squarely within the scope of the Arbitration Agreement. Therefore, Defendant asks the Court to dismiss this action.

In response, Plaintiffs state they do not oppose arbitrating the 125 claims for which Defendant has shown there to be a valid arbitration agreement. Plaintiffs allege this lawsuit was filed because, despite repeated inquiries, Defendant did not agree to tolling of the statute of limitations, and certain Plaintiffs' claims were approaching a statute of limitations violation. Accordingly, Plaintiffs ask the Court to stay, rather than dismiss, this case pending the completion of arbitration so that each Plaintiff's claims are preserved to the fullest extent possible.

Citing *Bigger v. Facebook, Inc.*, 947 F.3d 1043 (7th Cir. 2020), Plaintiffs allege proving the existence of a valid arbitration agreement is entirely the employer's burden. *Id.* at 750-51 ("The policy [favoring arbitration agreements] does not require courts to simply take

an employer at its word when it said certain employees entered valid arbitration agreements. After all, determining whether a valid arbitration agreement exists is generally within the court's authority."). Plaintiffs object to Defendant placing that burden upon them. They contend that Defendant has failed to show that 24[1] Plaintiffs agreed to arbitrate, and those Plaintiffs' claims must proceed in Court until Defendant proves the existence of a valid agreement to arbitrate. Plaintiffs request that the Court stay the action as to all but the 24 Plaintiffs, compelling the parties to arbitration on the other claims, while holding Defendant accountable to comply with its own expressed desire to arbitrate the claims by requiring the regular filing of status reports by each party, and addressing any noncompliance with telephone conferences.

In their reply, Defendant claims that three Arbitration Agreements have been provided to the Court and are attached as exhibits to Defendant's motion. These are Arbitration Agreements for Plaintiffs Melleta Upson Plotts, Anna Grubb Waack, and Anna Mitchell Yancy. Defendant has also submitted the Arbitration Agreement of Plaintiff Kayla James along with its reply. Therefore, 129 Arbitration Agreements of the 149 named Plaintiffs have been submitted.

The parties agree that Plaintiff Roberto Rivera's Terms of Work Acceptance does not include an Arbitration Agreement. Therefore, Defendant states it will answer the amended complaint as it relates to the claims of Plaintiff Rivera.[2]

---

[1] Plaintiffs' response includes a list of 25 names. Plaintiffs' supplemental response includes 24 names.
[2] Defendant disputes that Rivera has worked for Defendant within three years of the filing of this lawsuit.

The 19 remaining Plaintiffs are Amanda Mechelle Brewer, Nita Clark, Larry Davis, Shellie Dawn, Brittany Dummitt, Carissa Fuselier, Christi Lea, Christine Lynn, Linda Moore, Lisa Morgan, John T. Morrison, Mary Orr, Lloyd Payton, Kristy Ray, Jennifer Rodgers, Ashley Tatrow Saylors, Linda Taylor, Barb Terrel, and Kayla Nicole Williams. Defendant claims it is not able to identify whether these 19 individuals were even employed by Defendant because Plaintiffs' counsel has failed to provide basic personal information that would allow Defendant to identify the individuals asserting claims so that it could determine whether there is an Arbitration Agreement and whether they were employed by Defendant within the applicable timeframe.

Plaintiffs do not deny the existence or validity of the Arbitration Agreements. As Defendant notes, Lori Bennett's Declaration establishes that all of Defendant's merchandisers who worked for Defendant after January of 2019 were required to electronically sign an Arbitration Agreement. After January 2019, employees who had not signed Arbitration Agreements could not log into the system and schedule work. While Plaintiffs object to Defendant's motion on the basis that Defendant has not submitted executed Arbitration Agreements for those 19 individuals, Plaintiffs do not dispute that they signed the agreements. Plaintiffs' reliance on *Bigger* is misplaced because only Plaintiffs are in a position to verify the 19 individuals. Before filing the motion to compel arbitration, Defense counsel informed Plaintiffs' counsel that it could not confirm employment or access relevant employment records without further information. Defendant also notes that Plaintiffs' counsel's website seeking to identify plaintiffs for this case asks each potential plaintiff/client to provide a Driveline paystub,

which would include the individual's employee identification number verifying their identity. Thus, Plaintiffs' counsel should be able to determine whether the remaining claims are arbitrable.

## III.     CONCLUSION

For all of these reasons, the Court will order Plaintiffs' counsel to provide Defense counsel information that would allow Defense counsel to locate any existing Arbitration Agreements. While the Court at this time declines to dismiss the claims of all Plaintiffs except for Roberto Rivera, the Court will dismiss the claims of the 128 Plaintiffs whose Arbitration Agreements have been located and already submitted. Defendant also requests attorney's fees and costs for the time and expenses associated with litigating this motion. The Court will address any requests for attorney's fees and costs at the conclusion of this litigation.

Therefore, Driveline Retail Merchandising, Inc.'s Motion to Compel Arbitration [Doc. 7] and Supplemental Motion to Compel Arbitration [Doc. 8] are both GRANTED in part and DENIED in part. The motions are GRANTED as to the 128 Plaintiffs whose Arbitration Agreements have been located and submitted to the Court. The motions are DENIED with leave to re-file as to the remaining 20 named Plaintiffs.

The Clerk will terminate all Plaintiffs except for  Amanda Mechelle Brewer, Nita Clark, Larry Davis, Shellie Dawn, Brittany Dummitt, Carissa Fuselier, Christi Lea, Christine Lynn, Linda Moore, Lisa Morgan, John T. Morrison, Mary Orr, Lloyd Payton, Kristy Ray, Roberto Rivera, Jennifer Rodgers, Ashley Tatrow Saylors, Linda Taylor, Barb Terrel, and Kayla Nicole Williams.

Plaintiffs shall within 14 days of entry of this Order produce the employee identification number or the last four digits of the social security number as to the remaining Plaintiffs.

Defendants shall within 28 days of entry of this Order file an appropriate motion or status report.

ENTER:  August 30, 2024

/s/ Colleen R. Lawless
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE