## IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KIERSTEN BECK, *et al.,* Each Individually and on Behalf of All others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 3:23-cv-3282-CRL-KLM |
| v. | ) ) | |
| DRIVELINE RETAIL MERCHANDISING, INC., | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT DRIVELINE RETAIL MERCHANDISING, INC.'S
## SECOND MOTION TO COMPEL ARBITRATION

COMES NOW Defendant Driveline Retail Merchandising, Inc. ("Driveline") specially appearing and submits this Supplemental Motion to Compel Arbitration. In support hereof, Driveline offers the following arguments, authorities and attached Exhibits 1 and 2 hereto.

### BACKGROUND

On January 11, 2024, Driveline filed a Motion to Compel Arbitration [Doc. # 7] and on January 19th, Driveline filed a supplement thereto [Doc. # 8].  Plaintiffs objected [Doc. # 10 and ECF Doc. #11] and on July 31, 2024, Driveline's reply in support of its Motion to Compel Arbitration was filed. [ECF Doc. #13].

On August 30, this Court granted in part Driveline's Motion.  [Doc. # 14] Recognizing the legal and factual merit of Driveline's motion this Court dismissed 129[1] of the 149 named Plaintiffs herein based on the arbitration agreements signed by each.  The Court ordered Plaintiffs' counsel

---

[1] The court's Opinion at page 8 states "128" Plaintiffs' claims are dismissed. Respectfully, it is believed this is a typo as the Court also recognized that 129 Arbitration Agreements had been provided (at page 5) and the status of only 20 (not 21) named Plaintiffs continued to be at issue.

to provide further identifying information for the 20 remaining named Plaintiffs and Plaintiffs' counsel has done so.

## MOTION TO DISMISS

Of the 20 persons still at issue, Driveline has located 17 Arbitration Agreements and attached hereto are those for Amanda Mechelle Brewer,  Juanita (aka "Nita") Clark, Larry Davis, Shellie Dawn, Brittany Dummitt, Carissa Fuselier, Christ Lea, Linda Moore, Lisa Morgan, John Morrison, Mary Orr, Kristy Ray, Jennifer Rodgers, Ashely Tatrow Saylors, Linda Taylor, Barb Terrel, and Kayla Nicole Williams.  Respectfully, Driveline moves to dismiss the claims of these named 17 Plaintiffs based on the Arbitration Agreements signed by each and provided herewith. (Exhibit 1 hereto, Arbitration Agreements)  In support, Driveline adopts and incorporates the arguments and authorities in its previously filed Motion to Compel Arbitration [ECF Doc #7] and its Reply in support of the Motion [ECF Doc. #13].

The providing of the last four social security numbers confirmed that one of the 20 persons -still at issue and identified as "Christine Lynn" is actually "Christine Lynn Barrett Bukowski." (This likelihood was raised by Driveline in its Reply Brief in Support of the Motion to Compel Arbitration, ECF Doc. #13 at pp. 5-6.)  Her Arbitration Agreement has been provided and the Court has already dismissed her claim.

As to named Plaintiff Roberto Rivera, counsel for Plaintiffs has agreed that Mr. Rivera will voluntarily dismiss his claims and no answer by Driveline to the Rivera allegations is required.

The last of the named Plaintiffs, Lloyd Payton, has yet to be identified by Driveline. Counsel for Plaintiff provided the last four digits of a social security number; however, there was no match of those numbers to any current or former employee who has *either* the last name of "Payton" or the first name "Lloyd."  Moreover, although the First Amended and Substituted

Complaint alleges "Lloyd Payton" is a resident of Tennessee [ECF Doc. #3 at ¶57], the social security number match revealed only one Tennessee resident with those numbers, a woman. Absent a name change or some mistake in the identification information, Driveline cannot confirm any such person ever worked at Driveline.  Counsel for Plaintiffs has agreed to follow up with additional inquiry and information, but as of the time of filing, no additional information has been provided.  Absent further clarification from Plaintiff's counsel, it does not appear any such person worked for Driveline in, at least, the last 14 years.  Respectfully, Driveline requests the Court direct that absent additional information regarding the identification of "Lloyd Payton" in Tennessee within five days hereof, the claim be dismissed.

Therefore, Driveline submits the Plaintiffs' First Amended and Substituted Complaint should be dismissed in its entirety.

## ATTORNEYS' FEES and COSTS

In its original Motion to Compel Arbitration [ECF Doc. #7], adopted and incorporated herein by reference, Driveline provided the history of its dealings with Plaintiffs' counsel and the claims of the Plaintiffs herein.  Plaintiffs' counsel knew there were Arbitration Agreements, including class action and collective action waivers, signed by their clients and knew Driveline intended to enforce the terms thereof. Indeed, Plaintiffs' counsel had already filed more than 30 individual arbitrations with the American Arbitration Association.  All of this was discussed among counsel as far back as 2022.  (*See* ECF Doc. #7-5, October 27, 2022 Email exchange among counsel for the parties herein regarding Plaintiffs' counsel's intent to file this lawsuit and Driveline's objection thereto.).

Filing this lawsuit was nothing short of gamesmanship and has forced Driveline to spend tens of thousands of Dollars defending this matter.  Further demonstrating this is the initial refusal

to voluntarily and collaborative provide even basic identifying information to counsel for Driveline so that the Arbitration Agreements of the named Plaintiffs could be located.  It took a Court order for Plaintiffs' counsel to provide information readily available both to counsel and the parties themselves. Pursuant to 29 U.S.C. § 1927, the Court should award Driveline's attorneys' fees and costs in presenting the Motion to Compel Arbitration, Supplemental motion and the Reply, as well as this Second Motion.

Moreover, although pursuant to 29 U.S.C. § 1927 an award of fees and costs against Plaintiffs' counsel is permissible, the parties themselves, the named Plaintiffs herein (save for Roberto Rivero), are also responsible to Driveline for its fees and costs incurred to date. The Arbitration Agreement itself – a contract between each named Plaintiff and Driveline – provides that: "The parties agree that if a party brings an action that asserts only claims or Disputes subject to arbitration under this Agreement, any party thereafter prevailing on a motion to compel arbitration shall be entitled to that party's reasonable costs and attorneys' fees incurred in compelling arbitration." [ECF Doc. #7-2 at p. 2]  Every claim asserted in this matter is subject to the Arbitration Agreements between Plaintiffs and Driveline.

Thus pursuant to both 29 U.S.C. § 1927 and the terms of the Arbitration Agreements themselves, Driveline respectfully requests this Court grant Driveline all attorney fees incurred in filing and briefing the prior Motion to Compel Arbitration and this Second Motion to Compel Arbitration, made necessary by Plaintiffs' unwarranted filing of this lawsuit in the first instance.

**CONCLUSION**

For the foregoing reasons, Defendant Driveline Retail Merchandising Inc. respectfully requests this Court dismiss the First Amended  and Substituted Complaint in its entirety, order the remaining named Plaintiffs to submit their claims to binding arbitration on an individual basis and

4

grant Driveline's attorneys' fees and costs incurred herein, with an amount to be determined by agreement of the parties or upon motion hereafter.

Respectfully submitted,

_____s/Kathryn D. Terry_____
**PHILLIPS MURRAH P.C.**
Kathryn D. Terry, OBA No. 17151
Lauren Barghols Hanna, OBA No. 21594
101 North Robinson Ave. Suite 1300
Oklahoma City, OK 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
kdterry@phillipsmurrah.com
lbhanna@phillipsmurrah.com

**BROWN & JAMES, P.C.**
Denise Baker-Seal, #6255589
Richland Plaza I, 525 W. Main St., Ste. 200
Belleville, Illinois 62220-1547
618/235-5590; 618/235-5591 (Fax)
dseal@bjpc.com; dowens@bjpc.com
*Attorneys for Defendant*
*Driveline Retail Merchandising, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 27 2024 , I electronically transmitted the foregoing document with the Clerk of Court via CM/ECF, which will automatically send notice and a copy of same to counsel of record via electronic mail to the counsel of record below.

**SANFORD LAW FIRM, PLLC**
Josh Sanford
Ark. Bar No. 2001037
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com

***Attorneys for Plaintiffs Kiersten Beck, et al.,***
***Each Individually and on Behalf of All Others Similarly Situated***

*s/Kathryn D. Terry*_____