IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

**KIERSTEN BECK, et al.,** Each Individually and     **PLAINTIFFS**
on Behalf of All Others Similarly Situated

vs.     No. 3:23-cv-3282-CRL-KLM

**DRIVELINE RETAIL MERCHANDISING, INC.**     **DEFENDANT**

## RESPONSE TO DEFENDANT'S
## SECOND MOTION TO COMPEL ARBITRATION

Plaintiffs do not oppose dismissal of the Plaintiffs for which Defendant has now produced valid arbitration agreements pursuant to their Second Motion to Compel Arbitration.[1] Nor do Plaintiffs contest the dismissal of Plaintiffs Roberto Rivera or Lloyd Payton. Defendants have provided valid arbitration agreements for the Plaintiffs in this case and arbitration proceedings have been filed or will be filed on their behalf. Defendants' request for attorney's fees and costs, however, is unwarranted and should be denied.

At the outset, it is Plaintiffs' position that reducing a case to the character of each party's counsel is an unproductive and inefficient means of participating in litigation. Based on its pleadings, it is apparent that Defendant feels wronged by Plaintiffs' filing of this lawsuit and wishes to hold someone accountable, but Defendant's feelings do not determine the wrongness of Plaintiffs' actions. Defendant has presented no rule of professionalism or other legal or procedural basis on which this Court may award fees

---

[1] These Plaintiffs are Juanita Clark, Larry Davis, Shellie Dawn, Brittany Dummitt, Carissa Fuselier, Christ Lea, Linda Moore, Lisa Morgan, John Morrison, Mary Orr, Kristy Ray, Jennifer Rodgers, Ashley Tatrow Saylors, Linda Taylor, Barb Terrel, and Kayla Nicole Williams.

Page 1 of 9
Kiersten Beck, et al. v. Driveline Retail Merchandising, Inc.
U.S.D.C. (C.D. Ill.) Case No. 3:23-cv-3282-CRL-KLM
Response to Defendant's Motion to Compel Arbitration

or costs. If Plaintiffs' counsel had violated some rule in the pursuit of Plaintiffs' claims, Defendant would have cited it.[2] Instead, Defendant relies on heavy-handed insinuations of wrongdoing supported by carefully curated evidence that presents a one-sided and self-serving narrative of Defendant's role in this litigation.

### A.     Filing the Complaint in this case was neither unreasonable nor vexatious.

Regardless of the unproductivity of the exercise, Defendant's accusations of Plaintiffs' counsel's "gamesmanship" must be addressed, and accordingly Plaintiffs will provide the entire sordid picture of the progression of this litigation for the Court's review.

Defendant's version of events begins with their lack of forthrightness in presenting their first Motion to Compel. As an exhibit to that Motion, Defendant attached a series of emails in support of their claim that Plaintiffs' counsel was unnecessarily litigious in filing this lawsuit. *See* ECF No. 7-19. In this series of emails, Plaintiffs' counsel initially sought Defendant's agreement to toll the statute of limitations and work out an arrangement for the mass arbitration of the over 100 Plaintiffs in this case. *Id*. Defendant concluded the thread presented to the Court with an inflammatory response from Defendant's counsel advising that filing a lawsuit would be met with immediate and severe repercussions in the form of counterclaims, possible sanctions, and a breakdown in the amicability of the case. *See id*. at p. 19. According to Defendant's

---

[2] The only legal support for Defendant's request for an award of fees and costs is "29 U.S.C. § 1927," which does not exist. Presumably, Defendant intended to cite to 28 U.S.C. § 1927, which states that "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Even assuming Defendant has shown Plaintiff's counsel's conduct unreasonably and vexatiously multiplied the proceedings, as demonstrated in this Response, Defendant's conduct was at least equally unreasonably and vexatiously responsible for any multiplication.

Page 2 of 9
Kiersten Beck, et al. v. Driveline Retail Merchandising, Inc.
U.S.D.C. (C.D. Ill.) Case No. 3:23-cv-3282-CRL-KLM
Response to Defendant's Motion to Compel Arbitration

carefully crafted presentation of events, this was the final communication between counsel before Plaintiffs filed the Complaint.

A careful reader will note, however, that this "final" email was sent on October 26, 2022, but Plaintiffs did not file their Complaint until September 22, 2023. There were many other exchanges between counsel during those 11 months that Defendant fails to account for or bring to the Court's attention. To begin with, Plaintiffs' counsel responded to Defendant's counsel's email that threatened sanctions within 24 hours of receiving it. *See* Email chain, attached as Ex. 1. Further, the next communications from Plaintiffs' counsel demonstrate Plaintiffs' counsel willingness to assist Defendant's counsel in the efficient and amicable arbitration of the claims. *Id*. Particularly notable are the emails in which Plaintiffs' counsel provides identifying information to Defendant's counsel so that Defendant could provide the appropriate arbitration agreement. *Id*.

Pursuant to the parties' agreed timeline, Defendant informally agreed to toll the statute of limitations on November 4, 2022. *Id*. Additionally, Plaintiffs were required to make settlement demands by December 31, 2022, the parties would work to informally resolve claims by February 28, 2023, would attend mediation to resolve the remaining claims by March 31, 2022, and the remaining claims would be submitted to a mutually agreed upon arbitrator to commence arbitration by May 1, 2023. *Id*. Plaintiffs met their initial deadline and provided Defendant's counsel with settlement demands for each Plaintiff by December 31, 2022. Plaintiffs' counsel fielded Defendant's questions regarding the damages calculations, but Defendant never provided an offer or even a formal response to the demands. The remaining deadlines passed with no action from Defendant.

Page 3 of 9
**Kiersten Beck, et al. v. Driveline Retail Merchandising, Inc.**
**U.S.D.C. (C.D. Ill.) Case No. 3:23-cv-3282-CRL-KLM**
**Response to Defendant's Motion to Compel Arbitration**

Still hoping to avoid Court involvement, Plaintiffs began filing arbitration demands in July of 2023. Due to the sheer volume of arbitrations filed, the American Arbitration Association (AAA) requested Plaintiffs' counsel coordinate with Defendant's counsel and the AAA about a method of filing to account for multiple claims at once rather than one at a time. Defendant did not engage in any further attempts to productively file arbitration agreements or resolve Plaintiffs' claims.

Meanwhile, nearly 11 months had passed since Plaintiffs initially pursued informal resolution of their claims. The statute of limitations, which was ominously looming in October of 2022, became an imminent threat for many Plaintiffs' claims and damages by August of 2023. This threat was particularly concerning given the parties' continued lack of formal tolling agreement. Given Defendant's reluctance to meet their obligations under the other terms of the agreed timeline and subsequent lack of communication, Plaintiffs' counsel was increasingly concerned that it would refuse to honor the informal tolling agreement. Accordingly, in order to preserve their claims to the maximum degree, Plaintiffs filed this lawsuit to prevent their claims from further diminishment due to the running of the statute of limitations.

Defendant's failure to honor their agreement to informally resolve Plaintiffs' claims, enter mediation, or engage in arbitration discussions, and more particularly their refusal to recognize that a formal tolling agreement was vital to Plaintiffs' claims, necessitated the filing of the Complaint in this case. For 11 months, Defendant stonewalled, stalled, and avoided any sort of formal tolling agreement or meaningful discussion of out-of-Court resolution. The accusations Defendant levels against

Page 4 of 9
**Kiersten Beck, et al. v. Driveline Retail Merchandising, Inc.**
**U.S.D.C. (C.D. Ill.) Case No. 3:23-cv-3282-CRL-KLM**
Response to Defendant's Motion to Compel Arbitration

Plaintiffs' counsel is merely masking its own attempts to evade liability by running the statute of limitations on Plaintiffs' claims.

B. **Plaintiffs were not unreasonable or vexatious in supplying information to Defendant.**

Defendant's lack of good faith communication continued after Plaintiffs filed their Complaint. The second basis Defendant provides for its request for fees and costs is Plaintiffs' counsel's "refusal to voluntarily and collaborative [sic] provide even basic identifying information" to identify the correct arbitration agreements. This claim is again supported by only selective evidence and half-truths.

In the email chain Defendant presents (ECF No. 7-18), Defendant's counsel asked Plaintiffs' counsel for social security numbers and/or employment identification numbers, which could be found on Plaintiffs' paystubs, so that Defendant may accurately identify the employee arbitration agreement. In response, Plaintiffs' counsel stated that they do not collect social security numbers or paystubs. Defendant's counsel responded with a request that Plaintiffs' counsel reach out to Plaintiffs to provide the information. This email is dated January 10, 2024, and was sent at 9:46 am. *See* ECF No. 7-18. Without waiting for a response, Defendant filed its Motion to Compel (ECF No. 7) **the next day**. Notably, Defendant's first request for identifying information was made on January 8, 2024, at 5:41 pm. ECF No. 7-18. Thus, even under the most generous timeline, Defendant gave Plaintiffs' counsel two days to collect information on 20+ people.

Following Defendant's initial request on January 8, at 3:44 pm the following day Defendant sent another email, stating that one Plaintiff had been identified, but that Defendant's counsel "would appreciate an acknowledgement of this email." *Id*. These

Page 5 of 9
Kiersten Beck, et al. v. Driveline Retail Merchandising, Inc.
U.S.D.C. (C.D. Ill.) Case No. 3:23-cv-3282-CRL-KLM
Response to Defendant's Motion to Compel Arbitration

emails were sent to only one of Plaintiffs' two attorneys of record, who, for all Defendant's counsel knew, was in a trial, taking depositions, or was simply on vacation or home sick on January 8 and 9, 2024. *See* ECF No. 7-18. Defendant appears to expect immediate response and full cooperation from Plaintiffs' counsel while it is allowed to drag its feet toward resolution and remain incommunicado for months at a time. Defendant made no effort to accommodate the fact that Plaintiffs' counsel did not have the requested information on hand by providing a timeline by which to provide the information. Rather, Defendant took the fact that Plaintiffs' counsel does not collect social security numbers or employment identification numbers on their clients[3] and used it as ammunition in a smear campaign before the Court.

Again presenting a colorful version of the truth, Defendant made the claim that Plaintiffs' counsel's website "asks each prospective plaintiff/client to provide a Driveline paystub," which is verifiably false. The website offers a free paystub evaluation if the prospective client has one available.[4] Many wage earners such as Plaintiffs do not keep their paystubs, and Plaintiffs' counsel has screening mechanisms that do not require presentation of a paystub to join. In fact, in addition to poor retention of pay records, hourly wage earners such as Plaintiffs tend to be transient, move often, and regularly change contact information. Plaintiffs' counsel takes steps to ensure the ability to remain in contact with their clients, but even so it not unusual for it to take longer than two days to track down plaintiffs who have moved or changed phone numbers.

---

[3]   To Plaintiffs' counsel's knowledge, collection of client social security numbers is not standard practice in the legal community.
[4]   The website can be found here: https://www.sanfordlawfirm.com/driveline-retail-merchandising/.

Page 6 of 9
**Kiersten Beck, et al. v. Driveline Retail Merchandising, Inc.**
**U.S.D.C. (C.D. Ill.) Case No. 3:23-cv-3282-CRL-KLM**
Response to Defendant's Motion to Compel Arbitration

Defendant did not engage in a meaningful or good faith discussion regarding Plaintiffs' counsel's provision of Plaintiff data. Defendant's unreasonable demand for immediate response was premised on its own self-serving interpretation of Plaintiffs' counsel's practice, and its refusal to allow Plaintiffs' counsel to meaningfully respond is further evidence of its own role in the present status of this lawsuit.

**C.    Defendant must arbitrate the enforcement of the Arbitration Agreement's terms allowing the party prevailing on a motion to compel to recover fees.**

Defendant must abide by the terms of its own Arbitration Agreement, which states that "[a]ny and all disputes regarding the enforceability of this Agreement and/or the scope of claims and Disputes subject hereto are within the exclusive authority of the arbitrator," and "[a]ny dispute as to the reasonableness of any fee or cost shall be resolved by the arbitrator." *See generally*, ECF No. 7-2. Accordingly, whether the Arbitration Agreement's term awarding fees to any party who prevails on a motion to compel arbitration may be enforced is a question for the arbitrator.

**D.    Conclusion**

Defendant's tactic in this case could be ungenerously described as bad faith stonewalling to avoid liability followed by heavy-handed fact manipulation to mitigate costs once faced with actual claims to defend. More likely, however, Defendant's counsel has been zealously operating in Defendant's best interest to the best of their ability, which is appropriate because it is their ethical imperative to do so. Plaintiffs' counsel must be afforded the same benefit of the doubt. Defendant's insinuations of bad faith dealing are belied by the facts presented in this Response. Plaintiffs' counsel preserved the claims of their clients in the only avenue left open by Defendant's refusal

Page 7 of 9
Kiersten Beck, et al. v. Driveline Retail Merchandising, Inc.
U.S.D.C. (C.D. Ill.) Case No. 3:23-cv-3282-CRL-KLM
Response to Defendant's Motion to Compel Arbitration

to meaningfully engage in out-of-court resolution. Defendant has not shown that Plaintiffs or Plaintiffs' counsel unreasonably or vexatiously multiplied these proceedings, and costs and fees should not be levied in their favor.

    Respectfully submitted,

    **KIERSTEN BECK, et al., Each Individually and on behalf of All Others Similarly Situated, PLAINTIFFS**

    SANFORD LAW FIRM, PLLC
    Kirkpatrick Plaza
    10800 Financial Centre Pkwy, Suite 500
    Little Rock, Arkansas 72211
    Telephone: (501) 221-0088
    Facsimile: (888) 787-2040

    */s/ Josh Sanford*
    Josh Sanford
    Ark. Bar No. 2001037
    josh@sanfordlawfirm.com

Page 8 of 9
Kiersten Beck, et al. v. Driveline Retail Merchandising, Inc.
U.S.D.C. (C.D. Ill.) Case No. 3:23-cv-3282-CRL-KLM
Response to Defendant's Motion to Compel Arbitration

## CERTIFICATE OF SERVICE

I, Josh Sanford, hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing RESPONSE was electronically filed via the CM/ECF system, which will provide notice to the following attorneys of record:

Kathryn D. Terry, Esq.
Lauren Barghols Hanna, Esq.
PHILLIPS MURRAH P.C.
101 North Robinson Avenue, Suite 1300
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
kdterry@phillipsmurrah.com
lbhanna@phillipsmurrah.com

Denies Baker-Seal, Esq.
BROWN & JAMES, P.C.
Richland Plaza I
525 West Main Street, Suite 200
Belleville, Illinois 62220-1547
Telephone: (618) 235-5590
Facsimile: (618) 235-5591
dseal@bjpc.com

*/s/ Josh Sanford*
**Josh Sanford**

Page 9 of 9
Kiersten Beck, et al. v. Driveline Retail Merchandising, Inc.
U.S.D.C. (C.D. Ill.) Case No. 3:23-cv-3282-CRL-KLM
Response to Defendant's Motion to Compel Arbitration